(No. 29417.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT CARTER, Plaintiff in Error.

*Opinion filed September 18, 1946.*

ALBERT CARTER, *pro se.*

GEORGE F. BARRETT, Attorney General, and FRANCIS C. KING, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On September 23, 1943, Albert Carter, the plaintiff in error, was indicted in the circuit court of Rock Island

county. The indictment contained two counts charging burglary and a third and last count charging defendant with grand larceny. He was arraigned on September 28, 1943; filed a written waiver of trial by jury; was fully advised by the court as to his right to be tried by a jury; tendered his plea of guilty to the third or larceny count of the indictment; and was advised and admonished by the court as to the consequences of his plea of guilty, but persisted in the same. He was then found guilty of larceny and sentenced to the Illinois State Penitentiary for a term of not less than one nor more than five years.

Plaintiff in error prosecutes this writ of error and appears *pro se*. He did not file any bill of exceptions but submitted a common-law record which inadvertently omitted therefrom a copy of the indictment which formed the basis for the judgment of conviction and sentence. When this oversight on the part of the clerk of the circuit court was discovered, a motion by defendant in error asking leave to file a complete new common-law record in this court was allowed and the record filed.

The plaintiff in error in his brief makes five assignments of error. The first, second, fourth and fifth are all based upon the failure of the record to include a copy of the indictment. With the filing of the new complete common-law record containing a copy of the indictment, there is nothing in the record to support the said assignments of error.

The third and remaining assignment of error is concerned with the value of the property taken. The third count of the indictment charged the theft of property of the value of $23.06. It set forth that the defendant unlawfully and feloniously stole, took and carried away a certain check which is quoted in full and alleged to be of the value of $23.06. It further charged that the check was part of the personal goods, chattels, money and property of Anderson and Millet, copartners, doing business

under the name of the Economy Motor Sales Company, and that the said offense was committed in the county of Rock Island, Illinois.

It is claimed by defendant that a charge of larceny of money is not proved by showing theft of checks, referring to the case of *People* v. *Kennedy,* 356 Ill. 151. His statement of the law is correct but is not applicable to the facts in this case. Here the plaintiff in error was not charged with the theft of money but with the theft of a check of a stated money value. Section 167 of division I of the Criminal Code defines larceny and concludes with the following language: "Larceny may also be committed by feloniously taking and carrying away any bond, bill, note, receipt or any instrument of writing of value to the owner." (Ill. Rev. Stat. 1945, chap. 38, par. 387.) There is no question but that the theft of a check of a definite value from the owner constitutes larceny under the sentence quoted from the Criminal Code. (*Young* v. *People,* 193 Ill. 236; *People* v. *Racine,* 362 Ill. 602.) The plaintiff in error pleaded guilty to the indictment and thereby admitted every material allegation thereof, including the value of the property. *People* v. *Huber,* 389 Ill. 192; *People* v. *French,* 387 Ill. 16; *People* v. *O'Brien,* 306 Ill. 340.

Finding no error in the record, the judgment of the circuit court of Rock Island county is affirmed.

*Judgment affirmed.*