(No. 31516.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH WINFORD BERRY, Plaintiff in Error.

*Opinion filed November 27, 1950.*

S. PAUL FERRIN, and ROY P. HULL, both of Peoria, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and PRESTON W. KIMBALL, State's Attorney, of Carthage, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Ralph Winford Berry, was indicted in the circuit court of Hancock County for the crime of grand larceny. The indictment contained five counts. Counts 1 and 2 charged the stealing of 139 bushels of corn from Mertie Cox, or his custodian. Count 3 alleged stealing 65 bushels of corn from Ernest James. Counts 4 and 5 involved stealing 91 bushels of corn from E. D. Crawford, or his custodian. The dates of these alleged larcenies were claimed to be May 16 and May 20, 1949.

The defendant made an oral motion to quash the indictment on the ground of misjoinder, and because the allegation of value contained in the third count was improper. The case did not go to trial because the plaintiff in error pleaded guilty to the third count, which charged the stealing of 65 bushels of corn. The allegation contained in the indictment with respect to value was "Sixty-five bushels of ear corn of the value of Eight-One Dollars and Ninety Cents ($81.90)." The court thereupon entered the following judgment:

"Thereupon, by leave of court, Defendant withdraws his plea of not guilty and tenders a plea of guilty to the crime of grand larceny in manner and form as charged in the third Count of the indictment herein, which said plea is accepted by the State's Attorney on the part of the said People. Thereupon the court admonishes the said Defendant of the effects and consequences of his said plea and the said Defendant still persists in his said plea of guilty to the crime of grand larceny in the manner and form as

charged in the third count of the indictment. Whereupon the plea aforesaid is received and entered by the Court. Therefore it is found by the Court that the Defendant, Ralph Winford Berry, is guilty of the crime of grand larceny in the manner and form as charged in the third count of the indictment herein."

After an application for probation was denied, the defendant was sentenced to the Illinois State Penitentiary for a period of not less than one nor more than ten years.

The first point made is that there was an improper joinder of offenses in the indictment, which renders the indictment void, and consequently a plea of guilty thereto, or to any part, would not authorize imprisonment or punishment of any sort by reason thereof. Plaintiff in error relies principally upon the case of *Kotter* v. *People,* 150 Ill. 441, in which instance there was an indictment charging three separate forgeries, but, while the court commented that an indictment charging three separate distinct offenses in the same indictment was improper, it also recognized the general rule that in such instances the prosecutor could be called upon to elect which charge he would set for trial. There was no election made by the People, or required by the court, and since the defendant was required to go to trial upon three distinct offenses, over his objections, error intervened. And, moreover, the court held the question could be raised by a motion to quash, or by the court ordering an election to try only one of the offenses charged in separate counts of the indictment, and found that there was no intent upon the part of the plaintiff in error to forge, because he thought he had authority from the person whose name was placed upon the receipt, and the court actually reversed the case without a remanding order because it found that the defendant could not be guilty of forgery in that particular case, and did not hold further than indicated above.

The rule applicable to this situation has been announced several times. (*Goodhue* v. *People,* 94 Ill. 37; *West* v. *People,* 137 Ill. 189; *People* v. *Bernstein,* 250 Ill. 63; *People* v. *Perrello,* 350 Ill. 231; *People* v. *Tinnell,* 385 Ill. 537.) The court made an exhaustive review of the subject in the *West case,* 137 Ill. 189, citing many authorities, and reached the conclusion that the inclusion of separate offenses of the same character in different counts did not invalidate the indictment and was not error if the prosecutor elected to proceed on only one count. The rule is succinctly stated in *People* v. *Bernstein,* 250 Ill. 63, as follows: "If two or more offenses grow out of one transaction and are of such a nature that the defendant may be found guilty of both, the prosecutor will not be required to elect for which offense charged in the indictment he will ask a conviction. He will only be required to elect when the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction." This principle was followed in the case of *People* v. *Tinnell,* 385 Ill. 537.

We think there was an actual election in the instant case because, while the plaintiff in error was charged in one indictment with several larcenies, he tendered a plea of guilty to the third count, the record disclosing "which said plea is accepted by the State's Attorney on the part of the People," which clearly indicates that by the defendant withdrawing his plea of not guilty to the whole indictment, and tendering a plea of guilty to the third count, with the consent of the State's Attorney, it was the purpose of the parties to elect that the defendant be sentenced on one count only, which was clearly within the accepted practice in such cases.

The plaintiff in error refers also to the cases of *People* v. *Jones,* 291 Ill. 52, and *People* v. *Fitzgerald,* 297 Ill. 264, but those cases refer to the *Kotter case* only by way

of *dicta,* because in each of those cases the convictions were affirmed because it is disclosed that the same act is charged in the different counts, while one act constituted different crimes, and, accordingly, under a settled rule that where the one act constitutes different offenses, they may all be joined in one indictment and tried together. (*People* v. *Borrelli,* 392 Ill. 481; *People* v. *Tinnell,* 385 Ill. 537.) We think that this objection cannot be sustained.

It is also claimed that the allegation as to value in the third count was insufficient to create a crime of grand larceny. As noted above, the printed figures of value were "Eight-one Dollars and Ninety Cents," followed by the figures in symbols "($81.90)." It also appears that the figures and words indicated the value of 65 bushels of ear corn in the year 1949. It has been a long time since ear corn was of the value of less than eight cents per bushel, and this fact connected with the figures following the words indicates a misprision or mistake upon the part of the writer of the indictment. In addition to the foregoing, the court found the defendant guilty of *grand larceny.* It is well settled that when the indictment is drawn in such a manner that the defendant is fully informed of the crime with which he is charged, the only way in which he may take advantage of the informality of the indictment is by a motion to quash, specifically pointing out the defect in the indictment. (*People* v. *Kocielko,* 404 Ill. 54; *People* v. *Brosnan,* 361 Ill. 545; *People* v. *Corbett,* 387 Ill. 41.) Here, the defendant entered a plea of guilty. He knew the indictment charged the stealing of sixty-five bushels of corn; that the figures indicated the value was $81.90; and that the judge informed him that the penalty would be imprisonment in the penitentiary. He was undoubtedly aware that the crime charged was grand larceny, and we have been directed to no authority that the mere statement of value in figures and symbols, customarily used throughout the country in the transaction of its business, is a

ground for discharge after a plea has been entered and an explanation made. We think this point is without merit.

On oral argument, some suggestion was made that the judgment did not find specifically the value of the property taken, but, as we have pointed out above, the indictment disclosed the value of the corn taken, and the court found he was "guilty of grand larceny in the manner and form as charged in the third count of the indictment." In *People v. Carter,* 394 Ill. 403, we held that a plea of guilty of grand larceny would not be reversed for the reason the judgment of the court did not contain the value of the property stolen.

We find no error in the proceedings in the trial court, and the judgment of the circuit court of Hancock County is accordingly affirmed.

*Judgment affirmed.*