The People of the State of Illinois, Plaintiff-Appellee, *v.* Chester L. Sanders, Defendant-Appellant.

(No. 74-182;

Second District (2nd Division)—December 23, 1975.

254

Cuve M. Glosser, of Rochelle, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals after a jury found him guilty of aggravated battery and the trial court sentenced him to 16 months to 4 years in the penitentiary. He is free on bond pending this appeal.

Defendant asserts that he was not proven guilty beyond a reasonable doubt, that the trial court erred in the granting or refusing of certain instructions, in denying defendant probation; and in allowing the admission of defendant's weapon (shovel) into evidence.

On July 3, 1973, defendant went to tend his chickens on a farm rented by one of his relatives. Upon arrival, defendant discovered water on the floor of the chicken house. He made inquiry of his relative's children as to the cause of the water. They informed him that the complainant, a resident of the farm, had sprayed the chicken house in order to water the chickens. The defendant's relative, who had known him all his life and had seen him in varying moods, testified that on the day in question he was angry and had claimed that complainant had tried to drown his chickens. She told the complainant not to go outside because defendant was angry and she did not want trouble.

The defendant was cleaning out the chicken house with a shovel when the complaining witness approached and explained to defendant that he had not sprayed the floor with water but that the water had been the

result of rain (the day before) having seeped through the roof. Defendant accused the complainant of lying, to which complainant responded that he did not "give a damn what [defendant thought]."

At this time, the complainant (who was 5'9" tall) was leaning against one side of the doorway into the chicken house. Defendant's wife was standing a short distance away. Complainant observed defendant reaching down to get a shovelful of manure; he glanced away for a second, then turned back, and was hit in the face with the shovel by defendant. Just prior to being struck, the complainant heard defendant say, "Nobody talks to me in front of my wife that way."

The complainant, bleeding from his facial wound, retreated to the farmhouse for first aid. Thereafter, the defendant was approached by his relative who asked him to drive complainant to the hospital. Defendant refused with obscenities, stating, "Let the [*  *  *] die."

The complainant reached the hospital with the aid of another. The doctor sutured complainant's lacerated nose and referred him to a specialist for the setting of the nose, which was broken.

Defendant's version of what happened is as follows. The complainant came to the chicken house on the evening in question while defendant was cleaning up; defendant ignored complainant for a period of 10 to 15 minutes although the latter attempted to talk with him; complainant positioned himself in the doorway of the chicken house; defendant continued his clean-up and in so doing, accidentally struck complainant with the shovel. Defendant's wife, who was standing a short distance away from the chicken house, also testified that the striking was an accident.

The defendant contends that since he and his wife testified that the striking was unintentional, and only the complainant testified it was deliberate, he could not be found guilty of aggravated battery beyond a reasonable doubt and was therefore entitled to a directed verdict. What defendant overlooks is that the jury could believe or not believe his version of the facts. There was considerable evidence to the contrary: the defendant was angry with complainant prior to the incident; the complainant said the striking was intentional; defendant did not apologize to complainant, and refused to take him to the hospital for treatment of the wound defendant had inflicted; both complainant and defendant's own relative testified that the refusal was accompanied by obscenity and issued despite the fact that complainant was bleeding with a lacerated and broken nose as a result of the incident. Moreover, the jury had the opportunity to observe the demeanor of the witnesses and saw the complainant demonstrate in court the manner in which defendant struck him with the shovel. Under these circumstances, the directed verdict for the defendant was properly denied.

■■ As recently restated by our supreme court in *People v. Jones*, 60 Ill.2d 300, 307 (1975):

"[I]t is well settled that a reviewing court in Illinois will not substitute its judgment for that of the finder of fact on questions involving the weight of the evidence or the credibility of the witnesses, and we will not reverse a criminal conviction unless the evidence is such as to raise a reasonable doubt of guilt * * *."

We do not believe that the evidence is such as to raise a reasonable doubt of guilt and we, therefore, cannot substitute our judgment for that of the jury.

■■ Defendant raises objections to certain of the jury instructions given or refused by the trial court. He claims that the giving of I.P.I. Criminal 11.09 was erroneous in that the instruction stated, "A person commits the crime of aggravated battery who, in commiting a battery, uses a deadly weapon," but did not set out a definition of the crime of battery and the consideration of legal justification. We note that I.P.I. Criminal 11.05, modified, was given, and this provides the definition of the crime of battery. Also given was I.P.I. Criminal 2.01, an instruction stating, "defendant is charged with the crime of aggravated battery which includes the crime of battery * * *." Defendant states no authority for the proposition that such separate submissions were erroneous. We believe that the given instructions, taken as a whole, informed the jury of the facts essential to their deliberations on the crime of aggravated battery.

■■ Defendant claims error in the refusal of two of his instructions: I.P.I. Criminal 18.03, dealing with the crime of unlawful use of a weapon; and I.P.I. Criminal 11.08, dealing with aggravated battery under the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 12—4(a)), wherein a battery is deemed aggravated when it results in great bodily harm or disfigurement to the victim. The indictment, however, clearly indicates that defendant was not charged with unlawful use of a weapon or with aggravated battery under the above section. He was charged with aggravated battery with a deadly weapon under section 12—4(b) of the Code (Ill. Rev. Stat. 1973, ch. 38, § 12—4(b)), which section does not include "great bodily harm or disfigurement" as an element of the crime. An adequate instruction for the crime charged was given. (I.P.I. Criminal 11.05 modified, 11.09, and 2.01.) Only the statutory offense with which defendant is accused is properly incorporated into the instructions. (*People v. Peck*, 314 Ill. 237, 242 (1924).) Defendant's instructions were therefore properly refused.

■■ Defendant claims that the trial court improperly denied him probation, but we are unable to consider this issue on appeal because the

record submitted does not include a transcript of proceedings of the circuit court's hearing on aggravation and mitigation. The defendant alleges that he ordered a complete record. However, the burden is on the defendant-appellant to be certain that the record on appeal preserves the issue to be reviewed. (*People v. Smith*, 42 Ill.2d 479, 483 (1969).) Defendant has not met his burden on this issue.

■■ Lastly, defendant asserts that reversible error was committed by the trial court in admitting into evidence a shovel identified by the complaining witness as the shovel used against him, despite defendant's later testimony that it was not the same shovel. There is no merit to this contention. It is well established that a proper foundation for the introduction of an object into evidence may be laid "either through its identification by a witness or through the establishment of a chain of possession." (*People v. Greer*, 28 Ill.2d 107, 113 (1963); *People v. Smith*, 21 Ill.App.3d 366, 370 (1974).) Defendant's testimony goes to the weight of the evidence, not to its admissibility. (*People v. Jones*, 60 Ill.2d 300, 307.) The shovel was properly admitted into evidence.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.