THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH LENNINGER, Defendant-Appellant.

Second District    No. 79-202

Opinion filed September 24, 1980.

Mary Robinson, of State Appellate Defender's Office, of Elgin, and Ralph Ruebner and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Peter J. Woods, State's Attorney, of Oregon (Phyllis J. Perko, Gary J. Anderson, and Robert J. Biderman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Following a bench trial defendant, Kenneth Lenninger, was convicted of cruelty to children (Ill. Rev. Stat. 1977, ch. 23, par. 2368), and acquitted of aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a)). Defendant was sentenced to an extended term of six years' imprisonment and he appeals.

The testimony adduced at trial disclosed that on March 9, 1978, when defendant's 11-month-old son was admitted to the hospital, he weighed 14 pounds, 2 ounces and had the following injuries: scratches on the face and neck; a broken shoulder; two broken ribs, which had been broken six to eight weeks prior thereto; severe diaper rash; skull fracture; an injury to his right eye such that it was red and swollen shut; there was an absence of sphincter tone in the anus and deep fissures and ulcerated sores inside the anal cavity which had been caused by inserting a foreign object into the child's anus; both legs showed bruises; and the infant suffered from marginal nutrition.

In an information filed on March 10, 1978, defendant and his co-defendant wife, Susan Lenninger, were charged in count I with committing

"the offense of cruelty to children in violation of Section 2368, Chapter 23 of the Illinois Revised Statutes of 1976, in that they denied the child, Kenneth A. Lenninger, proper medical care and nutritional substance in that they did not take the said child to medical facilities regarding numerous injuries to the body and head of Kenneth A. Lenninger and they refused to give the child proper liquids and food which resulted in the child being dehydrated and malnourished."

Before trial, defendant filed a motion to dismiss the information which alleged, *inter alia*,

"1. That Count I fails to state an offense against the laws of the State of Illinois.

2. That Count I fails to state facts sufficient to constitute an offense against the laws of the State of Illinois.

3. That Count I is fatally defective in that it omits to allege one or more essential elements of the offense which it purports to charge.

4. That Chapter 23, Section 2368, Illinois Revised Statutes, is unconstitutional on its face and as applied."

The record also discloses that by a docket entry made April 20, 1978, defendant's motion to dismiss count I was denied by the trial court. We have not been provided with a report of the proceedings which may have taken place prior to the ruling, and the docket entry simply describes the presence of the State's Attorney, defendant and his attorney and refers

also to other matters taken up after the denial of defendant's motion to dismiss.

After trial and his sentencing, defendant filed a post-trial motion in which he requested the trial court to modify or reconsider the sentence imposed by it asserting that imposition of an extended term of six years' imprisonment was an abuse of discretion. Here defendant sought relief on the grounds there was an unjustified difference between his sentence and the sentence of probation imposed upon his co-defendant and, also, that the trial court failed to make findings pursuant to section 5—8—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—2(a)) so as to justify the imposition of an extended term of imprisonment. The motion was denied by the trial court.

On appeal, however, defendant contends (1) that count I of the information was defective because it failed to allege he acted with the requisite mental state, (2) that the statute defining the offense of cruelty to children (Ill. Rev. Stat. 1977, ch. 23, par. 2368) is unconstitutional as it provided a more severe penalty for the same conduct which is also prohibited by section 4 of "An Act to prevent and punish wrongs to children" (Ill. Rev. Stat. 1977, ch. 23, par. 2354), which makes it a crime "wilfully to cause or permit * * * the health of [a] child to be injured, or wilfully cause or permit such child to be placed in such a situation that its life or health may be endangered"; (3) that the trial court improperly considered evidence of a polygraph examination made of his co-defendant which was introduced by her at her sentencing hearing; (4) that he was denied his right to elect to be sentenced under either the present or former sentencing acts; and, (5) that in sentencing defendant the trial court failed to make the requisite finding necessary to impose an extended term of imprisonment.

■■ While defendant filed a post-trial motion he there raised only limited issues relating to his sentence. He failed, however, to raise in his post-trial motion the issues he now requests we review relating to the sufficiency of the information, the constitutionality of the statute defining the offense for which he stands convicted and certain errors alleged to have occurred at the sentencing hearing. The general rule is that failure to raise an issue in a written motion for a new trial, as required by section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 116—1) constitutes a waiver precluding consideration of such issue on review, including constitutional questions. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227; *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856, 857.) The purpose of the requirement that claims of error must first be presented to the trial court is to give it an opportunity to consider them and possibly avoid the delay and expense of an unnecessary appeal. (*People v. Coles* (1979), 74 Ill. 2d 393, 397, 385 N.E.2d 694, 696; *People v. Irwin* (1965), 32 Ill. 2d 441, 207 N.E.2d 76.) Waiver may be avoided,

under limited circumstances, where by means other than the post-trial motion a claim of error has been clearly presented to the trial court for its consideration. *People v. Madison* (1980), 81 Ill. App. 3d 471, 474, 401 N.E.2d 571, 573 (pretrial motion *in limine*); *People v. Schoo* (1977), 55 Ill. App. 3d 163, 165-66, 371 N.E.2d 86, 88 (written pretrial motion for discharge); *People v. Smith* (1977), 45 Ill. App. 3d 66, 68, 359 N.E.2d 228, 230, *aff'd* (1978), 71 Ill. 2d 95, 374 N.E.2d 472 (motion for a directed verdict); see also *People v. Lott* (1977), 66 Ill. 2d 290, 362 N.E.2d 312.

■■ Where a claim of error has not been preserved by these means then it generally may be considered by a reviewing court only under the plain error doctrine described in Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)). This doctrine "does not mandate that a reviewing court consider all errors involving substantial rights." (*Precup*, 73 Ill. 2d 7, 16, 382 N.E.2d 227, 231; accord, *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.) We will then review defendant's present claims of error in light of these rulings.

■■ ■ We do not consider that defendant's general pretrial motion to dismiss the information was sufficient to preserve for full review his present contention that it does not adequately charge the offense of cruelty to a child. The motion simply concluded that the count was fatally defective for failure to allege "one or more essential elements of the offense," without further description of the alleged infirmity. In our view this general, nonspecific claim would be insufficient to preserve it for review if presented in that form in a motion for a new trial or in arrest of judgment and it is equally insufficient when so presented in a pre-trial motion to dismiss. The general form offered by defendant failed to inform the trial court of the claimed error and thus give it an opportunity to act upon it. (*Cf. People v. Berry* (1950), 407 Ill. 231, 235, 95 N.E.2d 325, 328; *People v. Boerckel* (1979), 68 Ill. App. 3d 103, 113, 385 N.E.2d 815, 822, *cert. denied* (1980), ___ U.S. ___, 64 L. Ed. 2d 861, 100 S. Ct. 2998; *People v. Edwards* (1977), 49 Ill. App. 3d 79, 363 N.E.2d 935, *rev'd on other grounds* (1978), 74 Ill. 2d 1, 383 N.E.2d 944, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862; *People v. Rogers* (1975), 32 Ill. App. 3d 788, 336 N.E.2d 784; *People v. Smalley* (1973), 10 Ill. App. 3d 416, 426, 294 N.E.2d 305, 312; 21A Ill. L. & Prac. *Indictments and Informations* §121 (1977); but *cf. People v. Toner* (1977), 55 Ill. App. 3d 688, 692, 371 N.E.2d 270, 272.) Nor does the record disclose that anything more than the general, nonspecific claim of insufficiency of the charging instrument was presented to the trial court at the hearing at which the motion to dismiss was denied (*People v. Rowe* (1977), 45 Ill. App. 3d 1040, 1044, 360 N.E.2d 436, 439), and, as we have previously noted, this issue was entirely omitted from defendant's post-trial motion. The appellant has a burden of ascertaining that the record on appeal includes those matters necessary for consideration of the issues to be reviewed. (*People v. Smith* (1969), 42

Ill. 2d 479, 483, 248 N.E.2d 68, 71.) If defendant had, in fact, presented a specific claim of insufficiency of the information to the trial judge at the hearing of his motion to dismiss, it was his obligation to ensure that a supporting record was included in the record on appeal by one of the alternate methods provided by the rules of appellate procedure, and he has not done so. *People v. Sanders* (1975), 34 Ill. App. 3d 253, 256-57, 339 N.E.2d 33, 36.

■■ In these circumstances we consider that the question of the sufficiency of the information has been presented for the first time on appeal, and we will therefore review this issue under the standard described in *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, and *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437. While we do not here consider whether count I of the information could withstand a motion to dismiss made pursuant to section 114—1 or a motion in arrest of judgment made pursuant to section 116—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, pars. 114—1 and 116—2), in our view it did apprise defendant of the offense with which he was charged with sufficient specificity to enable him to prepare his defense and to allow pleading a resultant conviction as a bar to a subsequent prosecution arising from the same conduct. Defendant suffered no prejudice in the preparation of his defense, as it is apparent from the record that defense counsel, at trial, treated the information as one charging the offense of cruelty to children. The information noted the statute defendant was alleged to have violated and described the manner of his doing so; it also stated the date and place of the offense and named the victim. We conclude the information was sufficient under the standards by which we review it.

■■ Defendant did preserve for review his claim of error that the trial court failed to make a finding necessary to support the imposition of an extended term of imprisonment. We agree and find that the sentence must be vacated on that ground.

In imposing sentence the trial judge carefully reviewed the evidence and stated "that it is a very serious case." He further found the defendant had a history of criminal activity and, after taking judicial notice that cruelty to children cases are rising rapidly, imposed an extended term of six years' imprisonment "in order to deter others from committing the same offense." The court did not find, however, that the "offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty" as provided in section 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b)(2)) or that defendant had been convicted of a prior felony as is provided in section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b)(1)). In order to impose an extended term of imprisonment the sentencing judge must first determine that one or both of the foregoing factors in

aggravation are present. We cannot ascertain from the comments of the court whether it considered either of these conditions were met by the evidence and must therefore vacate the sentence imposed and remand this cause for a new sentencing hearing. See *People v. Piontkowski* (1979), 77 Ill. App. 3d 994, 397 N.E.2d 36; *People v. Meeks* (1979), 75 Ill. App. 3d 357, 393 N.E.2d 1190; *People v. Jones* (1979), 73 Ill. App. 3d 99, 391 N.E.2d 767.

■■ Defendant's contention that the statute under which he was convicted is unconstitutional was waived as it was not raised in his post-trial motion and, for the same reasons we earlier discussed relating to the sufficiency of the information, was not preserved for review by his general pre-trial motion to dismiss. There he stated only that the statute "is unconstitutional on its face and as applied." There is no indication in the record that any specific deficiency was brought to the attention of the trial court at the hearing of defendant's motion to dismiss or at any other time. As we do not believe it appropriate to review this issue under the plain error doctrine (see *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363; *People v. Carbona* (1975), 27 Ill. App. 3d 988, 327 N.E.2d 546, *cert. denied* (1976), 424 U.S. 914, 47 L. Ed. 2d 319, 96 S. Ct. 1114), we will not consider it further. Defendant's contention the trial court improperly considered evidence of a polygraph examination introduced on behalf of his co-defendant at her sentencing hearing has also been waived by him. We note, however, that the record does not suggest that this evidence was considered by the trial court in defendant's sentencing hearing and, as a new sentencing hearing must be held, we will not consider it further.

Defendant's final contention that he was denied an election between the former and present sentencing acts also need not be considered by us in light of our determination that a new sentencing hearing is to be held. We note, however, that the conduct upon which the offense was based was alleged to have occurred daily from November 8, 1977, to March 9, 1978. As the effective date of section 1008—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b)) was February 1, 1978, and defendant was sentenced thereafter, he was entitled to the election and may do so at the new sentencing hearing we here order. See *People v. Lowther* (1980), 85 Ill. App. 3d 735, 407 N.E.2d 1038.

For these reasons the judgment of conviction entered in this cause is affirmed, the sentence is vacated and the cause is remanded for a new sentencing hearing.

Affirmed in part; reversed in part and remanded.

LINDBERG and UNVERZAGT, JJ., concur.