THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BEVERLY L. COLEMAN, Defendant-Appellant.

Second District   No. 83—400

Opinion filed December 30, 1983.—Supplemental opinion filed on denial of rehearing January 31, 1984.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Judith M. Pietrucha, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Beverly L. Coleman, was found guilty in a bench trial of bringing contraband into a penal institution (Ill. Rev. Stat. 1981, ch. 38, par. 31A—1(a)(3)), unlawful possession of a controlled substance (less than 30 grams of a substance containing pentazocine) (Ill. Rev. Stat. 1981, ch. 56½, par. 1402(b)), and unlawful possession of cannabis (less than 2.5 grams of a substance containing cannabis) (Ill. Rev. Stat. 1981, ch. 56½, par. 704(a)). She was subsequently sentenced to concurrent two-year terms of imprisonment for the offenses of bringing contraband into a penal institution and unlawful possession of a controlled substance. No sentence was entered on the misdemeanor offense of unlawful possession of a substance containing cannabis.

The sole issue raised on appeal is whether defendant's conviction for bringing contraband into a penal institution is void because the statutory subsection under which she was convicted was unconstitutionally enacted after action by the Governor, which purportedly exceeded the scope of his amendatory veto powers. In this regard she contends that subsection (3) of section 31A—1(a), under which she was convicted, was added in its entirety by the Governor in his amendatory veto letter to the Illinois Senate and was subsequently adopted by the General Assembly. The State maintains this issue has been waived.

■ Defendant failed to raise the issue of the constitutionality of this statute and the procedures of its enactment in the trial court. It is fundamental that the failure to raise the issue of a statute's constitutionality in the trial court is a waiver of that issue on review. *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353; *People v. Luckey* (1969), 42 Ill. 2d 115, 245 N.E.2d 769; *People v. Denby* (1981), 102 Ill. App. 3d 1141, 1146, 430 N.E.2d 507; *People v. Lenninger* (1980), 88 Ill. App. 3d 801, 807, 410 N.E.2d 1157; *People v. Jones* (1980), 86 Ill. App. 3d 253, 258, 408 N.E.2d 79; see also *People v. Myers* (1981), 85 Ill. 2d 281, 290-91, 426 N.E.2d 535.

Defendant contends, however, that conviction under a void statute may be attacked at any time, and cites three recent decisions of our supreme court, *People v. McCarty* (1983), 94 Ill. 2d 28, 445 N.E.2d 298, *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267, and *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910, as support for this argument.

While we believe, upon analysis of these decisions, that some of the language in those opinions arguably is helpful to the defendant's contention, these cases are not directly apposite to the instant case, and we perceive no indication in those opinions that the waiver rule articulated in *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353, has been overruled. In *McCarty* and *In re T.E.*, a constitutional challenge not raised at the trial level was allowed because the sentence or probation order was void. In *Wagner*, the constitutionality of the statute, while not presented in a post-trial motion was raised in a pretrial motion, and a subsequent decision, while the appeal in *Wagner* was pending, was rendered which held a similar statute unconstitutional.

■ In the case at bar, the language of the statute itself is not challenged, but the constitutional defect claimed is a procedural infirmity in its enactment. The only indication we have of the legislative and executive process in the enactment of this law is a copy of a letter to the members of the Illinois Senate signed by Governor Thompson, contained in appendix B to defendant's brief, which states, *inter alia*, that under article IV, section 9(e) ·of the 1970 Illinois Constitution, he is returning Senate Bill 624 with specific recommendations for change, and if so changed, the bill would have his approval. Other than this copy of Governor Thompson's purported veto letter, the defendant has failed to present to this court, or more properly to the trial court, any authenticated documents which contain the legislative and executive process which he claims create a constitutional defect in the enactment of the law. Such proofs, and any possible contrary evi-

dence, ought to be first presented in the trial court.

Although the waiver rule is a limitation on the parties and not the courts, and a reviewing court may ignore the waiver in the interest of substantial justice (*People v. Winston* (1982), 106 Ill. App. 3d 673, 688, 435 N.E.2d 1327), we are not so compelled under the circumstances described above and from our review of the nature of the claimed constitutional question.

The judgment below is affirmed.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE REINHARD delivered the opinion of the court:

Defendant's petition for rehearing again maintains that the waiver doctrine should not apply to the constitutional issue raised. For the reasons set forth in our opinion, we reject this viewpoint in the particular case before us. We feel compelled, however, to address an additional argument made by defendant which assails our "uneven application of the waiver doctrine," and cites our recently filed opinion in *People v. McNeal* (1983), 120 Ill. App. 3d 625, wherein we declined to apply the waiver rule to a constitutional issue not raised in the trial court.

We point out that the constitutional issue raised in *McNeal* was neither the same constitutional issue before us here nor did the question involve an alleged procedural infirmity in the statute's enactment. We also stated in *McNeal* that we would decline to apply the waiver rule where a substantial question of constitutionality is raised, which, if sustained, would make void the statute under which defendants were charged and convicted. As we indicated in our original opinion herein, although a reviewing court may ignore the waiver rule in the interest of substantial justice, "we are not so compelled under the circumstances described above *and from our review of the nature of the claimed constitutional question.*" (Emphasis added.) Thus, we did give consideration to the substance of the arguments of the unconstitutionality of the statute involved here, but found they did not merit further discussion nor disregard of the waiver rule. We do not believe that the appellate and supreme courts of this State are obliged to render an opinion on the merits for all assertions of unconstitutionality of a criminal statute raised for the first time on review irrespec-

tive of the substance of the particular argument. See, *e.g., People v. Myers* (1981), 85 Ill. 2d 281, 290-91, 426 N.E.2d 535.

Accordingly, we adhere to our original opinion and deny the petition for rehearing.

LINDBERG and UNVERZAGT, JJ., concur.