THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL D. OTIS, Defendant-Appellant.

Second District   No. 84—0396

Opinion filed June 17, 1985.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Michael Otis, appeals from the judgment of the circuit court of Du Page County entered on his plea of guilty to residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3), and his sentence to an eight-year term of imprisonment. He argues on appeal that he was denied the effective assistance of counsel by his trial counsel's misapprehension that he had to plead guilty in order to elect treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1983, ch. 91½, par. 120.1 *et seq.*), now codified as the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6301 *et seq.*), and by counsel's failure to determine whether defendant's parole board would consent to his election to receive treatment prior to pleading guilty. He further argues that the residential burglary statute and the applicable sentencing statutes are unconstitutional.

After being charged with residential burglary, defendant entered a plea of not guilty. On January 13, 1984, he filed a petition to elect treatment pursuant to section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1983, ch. 91½, par. 120.10). A report issued by a drug abuse treatment center, TASC, found defendant to be an addict and that he would be a likely candidate for rehabilitation through a drug abuse treatment program. At a hearing held on the same day, defendant's attorney explained to the court that "since this is a non-proba-

tionable offense that he is charged with, that we do have to proceed under 120.10, meaning we have got to plead him guilty to the residential burglary before we can ask for the 91 and a half." In response to a question by the court, defendant stated that he understood "[t]hat in order for me to be accepted or considered for the TASC program, I would have to, in fact, plead guilty to the offense." If the court rejected his request, defendant stated that he understood "[t]hat I would just be sentenced under the law provided for that offense." Following proceedings which complied with Supreme Court Rule 402 (87 Ill. 2d R. 402), the court accepted defendant's plea and entered judgment on it. At the subsequent sentencing hearing, defendant's attorney advised the court that the parole board refused to consent to defendant's election to receive treatment. Following the sentencing hearing, the court sentenced defendant to eight years in the Department of Corrections.

Defendant filed a motion to withdraw his guilty plea and to vacate the judgment pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)), and a petition to modify the sentence. None of the assignments of error raised on appeal were alleged in these motions. During the hearing on these motions, defendant's counsel reiterated his belief that defendant had to plead guilty in order to elect treatment. Following these hearings, the court denied both motions. Defendant then filed timely notice of appeal.

Defendant argues that neither the Dangerous Drug Abuse Act nor case law interpreting the Act mandates that a defendant charged with a nonprobationable offense must plead guilty to the offense as a requisite to elect treatment under the Act. The State does not disagree with defendant's understanding in this regard, but argues that defendant's trial attorney's advice represented trial strategy indicative of his belief that defendant's unimpressive record would not warrant a lenient disposition like drug treatment unless defendant pleaded guilty.

■■ ■ The sections of the Act under consideration here permit a drug addict "charged with or convicted of a crime" to elect drug abuse treatment instead of prosecution or probation provided certain conditions are met. (Ill. Rev. Stat. 1983, ch. 91½, par. 120.8.) Section 9 of the Act outlines the procedure whereby a defendant charged with a crime may seek to elect treatment. It permits the continuance of the charge pending successful completion of the treatment program. (Ill. Rev. Stat. 1983, ch. 91½, par. 120.9.) Section 10 of the Act pertains to the procedure where a defendant who has been convicted of a crime seeks to elect treatment. It provides that the defendant is

placed on "probation." Ill. Rev. Stat. 1983, ch. 91½, par. 120.10.

The language in section 9 does not expressly prohibit a defendant charged with a nonprobationable offense from electing treatment without pleading guilty to the charge. Courts of review have found that a defendant can elect treatment under section 10 of the Act even where the offense is nonprobationable (see *People v. York* (1980), 87 Ill. App. 3d 1026, 1030, 409 N.E.2d 525, 527-28 (stating that that is the "apparent" rule); *People v. Robinson* (1973), 12 Ill. App. 3d 291, 294, 297 N.E.2d 621, 623-24), despite the Act's use of the term "probation," since this provision of the Act serves as an alternative to sentencing under the Unified Code of Corrections. Thus, "probation" as used in the Act possesses a different meaning from that ascribed to that term as used in the Code. (*People v. Teschner* (1980), 81 Ill. 2d 187, 192-93.) In *Teschner*, the supreme court reiterated its interpretation of the Act as an alternative to the normal ambit of prosecution or sentencing under the Unified Code of Corrections, noting that it permits a defendant to avoid the criminal justice machinery and that treatment, unlike a sentence, is not a consequence of the defendant's guilt. (81 Ill. 2d 187, 191-92.) In view of this interpretation of the Act, and the lack of prohibitive language in section 9 of the Act, we conclude that defendant's trial counsel misapprehended that defendant could not seek to elect treatment under section 9.

■ Defendant also argues that his counsel was ineffective by failing to investigate or determine whether the parole board would consent to treatment, an eligibility prerequisite prescribed by section 8(e) of the Act (Ill. Rev. Stat. 1983, ch. 91½, par. 120.8(e)), prior to permitting him to plead guilty. Since a defendant has the burden to meet section 8 eligibility prerequisites (*People v. Berry* (1983), 118 Ill. App. 3d 1024, 1026, 455 N.E.2d 868, 870), it would have been advisable for defendant's attorney to make a determination in this regard before advising his client to plead guilty in order to elect treatment under the Act. In considering whether defendant's trial counsel was ineffective, both of these facts are relevant.

■ Concluding that defendant's trial counsel erred, one must next determine whether these errors constitute ineffective assistance of counsel. In order to establish incompetent and ineffective assistance of counsel, it must be shown that "the incompetence produced substantial prejudice to the defendant without which the result would probably have been different." (*People v. Royse* (1983), 99 Ill. 2d 163, 168.) Here, the record establishes that defendant premised his decision to plead guilty on the belief that such a plea was necessary in order for him to seek treatment. The record shows by negative impli-

cation that if he had not been misadvised, he may not have pleaded guilty. Further, since the parole board refused to consent to treatment, defendant's effort to procure treatment would have been futile. Consequently, defendant has established prejudice arising from his trial counsel's incompetence. In this regard, we further note that a withdrawal of a guilty plea should be permitted where the plea resulted from a misapprehension of law or fact, or in cases where the plea was occasioned by a misrepresentation by counsel, the State, or someone else in authority. (*People v. Smithey* (1983), 120 Ill. App. 3d 26, 31, 458 N.E.2d 87, 91.) The record here shows that defendant's plea of guilty resulted from a misapprehension of the law.

We reject the State's suggestion that defendant's counsel merely exercised trial tactics or strategy. This suggestion is unsupported by the record, requires extreme speculation, and lacks persuasiveness. We also find the State's further contentions to be inapposite. The State argues that the record does not demonstrate that the defendant's plea was conditioned upon receiving drug treatment or a promise, or that any error was induced by the State or trial judge. While this represents a correct review of the record, these contentions do not address the issue raised by defendant on appeal. These arguments are of no consequence.

■■ In his second argument, defendant contends that the residential burglary statute and its related sentencing statutes are unconstitutional because the definition of "residences" is ambiguous and because the sentencing scheme applicable to residential burglary is disproportionate to the seriousness of the offense. He relies upon a circuit court's memorandum opinion which is now on review before the Illinois Supreme Court in a consolidated appeal (People v. Bales (1985) (Docket No. 60349).) Since defendant never challenged the constitutionality of these statues in the trial court, we conclude that he has waived this issue. (*People v. Coleman* (1983), 120 Ill. App. 3d 851, 853, 459 N.E.2d 5, 6.) While we may decline to apply the waiver rule where a substantial question of constitutionality is raised, which, if sustained, would make void the statute under which a defendant was charged and convicted (*People v. McNeal* (1983), 120 Ill. App. 3d 625, 627, 458 N.E.2d 630, 631), the determinant factor is "the nature of the claimed constitutional question" (*People v. Coleman* (1983), 120 Ill. App. 3d 851, 854, 459 N.E.2d 5, 7 (see also supplemental opinion on denial of rehearing).) In this regard, we note that we rejected the same arguments raised by the defendant in *People v. Sturlic* (1985), 130 Ill. App. 3d 120, 126-30, 474 N.E.2d 1, 6-8, and thus no substantial question of constitutionality has been raised.

Based upon our conclusion that defendant was denied the effective assistance of counsel when he pleaded guilty, we reverse the judgment of the circuit court of Du Page County and remand this cause to the trial court with directions that defendant be permitted to withdraw his guilty plea and plead anew.

Reversed and remanded with directions.

STROUSE and HOPF, JJ., concur.