THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID S. PIRT, Defendant-Appellant.

Second District   No. 2—86—1141

Opinion filed December 30, 1987.

John P. Carbon, Jr., of Addison, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:
This case involves two offenses for which defendant was charged.

In the first case, No. 83 CF 1945—03, defendant was indicted for unlawful delivery of a controlled substance in violation of section 401(a)(2) of the Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(a)(2)). In the second case, No. 86 CF 1247—01, defendant was charged by information with unlawful possession of a controlled substance in violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1402(b)). Defendant pleaded guilty to both counts. Thereafter, new defense counsel filed a motion to withdraw defendant's plea of guilty. After a hearing, the motion to withdraw the plea of guilty was denied. Defendant was sentenced to six years' imprisonment and fined $4,200 plus costs on the unlawful delivery charge. Additionally, he was sentenced to three years' imprisonment on the unlawful possession charge, said term to run consecutively to the six-year term previously imposed as the second charge occurred while the defendant was on pretrial release. (See Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(h).) Defendant timely appealed. We affirm.

On August 13, 1986, case No. 83 CF 1945—03 for unlawful delivery of a controlled substance was set for trial. Also on that day, case No. 86 CF 1247—01 was motioned up and the State filed a one-count information alleging the unlawful possession of a controlled substance.

Defendant waived preliminary hearing on case No. 86 CF 1247—01 and additionally waived a formal reading of the information. Defendant then pleaded guilty on both counts. The record reveals that at the time defendant pleaded guilty he was aware that he could receive from 6 to 30 years on case No. 83 CF 1945—03 and that he could be sentenced from one to three years on case No. 86 CF 1247—01. Furthermore, the record reflects that the following exchange took place with regard to consecutive sentencing.

"MR. KING: Your Honor, before we begin the facts, I think the defendant also needs to be cautioned as to the consecutive sentencing—if a person charged with a felony commits a separate felony while on pretrial release, any sentence imposed upon the conviction shall be consecutive to the original charge for which he was on bond, and that is a new statute only effective September 25th of 1985.

THE COURT: All right, sir. Do you understand that you are exposed to what is called consecutive sentencing; that is, you could be sentenced not just to 30 years, but you could be sentenced to 30 years plus three years, in other words, a total of 33 years followed by the mandatory supervised release that I have indicated?

DEFENDANT PIRT: Yes, Your Honor.

\* \* \*

THE COURT: Does that in any way change the pleas you have just entered?

DEFENDANT PIRT: No, sir, Your Honor."

At the hearing on defendant's motion to withdraw his guilty pleas defendant testified that there was a conversation between him and his attorneys prior to the time that he entered the pleas as to whether cocaine was in fact found in his sock in connection with the second charge. Defendant also stated that he never saw the police reports. Defendant testified that he had never sat down and discussed with Mr. Abrahams and Mr. Lynch, his attorneys, the second set of charges that were brought against him until the day of his plea.

Jeremiah Lynch, one of defendant's previous attorneys, testified that when he originally found out about the second case, he discussed with defendant the possibilities of its effect on the first case. Lynch further testified that the information that he was given was that the arrest of defendant occurred within a motel complex where any leasing of a particular room had expired or arguably had expired and therefore defendant had no standing with regard to a search of the room, and that information pursuant to such a search would probably have given probable cause to detain defendant and probable cause for a search of defendant. In Lynch's estimation, "[i]t seemed rather tenuous a case at best." Lynch stated that at the time the conversation took place he did not have the police reports. Lynch testified that he did not recall seeing any police reports or discoverable information before the plea on the subsequent charge. Lynch further testified that he did not have an opportunity to review the information prior to the entry of the plea on the second offense. And, Lynch stated that the decision as to the plea was made in the hall before defendant even came into the courtroom.

■ Defendant's initial contention is that he had ineffective assistance of counsel prior to entering his guilty plea in that defense counsel advised defendant to plead guilty without first investigating any possible defenses; defense counsel did not require or examine discoverable information; and defense counsel did not discuss with defendant any possible defenses. Defendant further argues that due to this ineffective assistance of counsel, his motion to withdraw his guilty plea should have been granted. We disagree.

We begin our analysis by noting that defendant has argued his case based on an incorrect standard for showing incompetency of counsel. Defendant has directed this court to our supreme court's de-

cision in *People v. Torres* (1973), 54 Ill. 2d 384. In *Torres*, the court stated that where representation is by chosen counsel the decision will not be reversed "unless the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or a sham." (54 Ill. 2d at 391.) This is no longer the proper standard. In *People v. Royse* (1983), 99 Ill. 2d 163, 170, our supreme court, for chosen counsel, adopted the standard found in *People v. Greer* (1980), 79 Ill. 2d 103, which previously had only been applied to court-appointed counsel. In *Greer*, the court stated:

"The inadequacy of a defendant's trial counsel entitles him to a new trial if his appointed counsel was actually incompetent, as reflected in the performance of his duties as trial attorney, and if this incompetence produced substantial prejudice to defendant without which the result of the trial would probably have been different." (79 Ill. 2d at 120-21.)

Thus, for defendant to show incompetency of counsel sufficient to withdraw his guilty plea he was required to show that (1) his counsel was actually incompetent; (2) this incompetence produced substantial prejudice; and (3) the result of the trial would probably have been different if it had not been for counsel's inadequate representation. See *People v. Otis* (1985), 135 Ill. App. 3d 718, 721. See also *Strickland v. Washington* (1984), 466 U.S. 668, 687, 694, 80 L. Ed. 2d 674, 693, 697-98, 104 S. Ct. 2052, 2064, 2068.

In *Otis*, this court held that a defendant was given ineffective assistance of counsel and entitled to withdraw his guilty plea where his attorney misrepresented the law. In that case the defendant's attorney had advised the defendant to plead guilty in order to receive treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1983, ch. 91½, par. 120.1 *et seq.*). The court found that a defendant need not plead guilty in order to elect treatment under the Dangerous Drug Abuse Act and, therefore, found that the attorney's representation was erroneous. (135 Ill. App. 3d at 720-21.) The court further found that had the defendant in that case not been misadvised, he might not have pleaded guilty. 135 Ill. App. 3d at 722.

■ In the present case, there is evidence in the record that shows that trial counsel did not review the police records relating to case No. 86 CF 1247—01. However, defendant has failed to demonstrate how counsel's failure to review the police reports would have in any way changed defendant's plea. For example, defendant does not direct this court to anything in the police report which would have been the basis for a defense, a challenge to evidence, or a motion to quash the arrest. Consequently, we find that defendant has not met

his burden under *Royse.*

■■ ■ Defendant next contends that his guilty plea was not voluntarily and intelligently made and that therefore his motion to withdraw the plea should have been granted. Defendant argues that his attorneys told him that they thought a consecutive sentence could be avoided on case No. 86 CF 1247—01. Defendant further argues that the plea was not voluntarily and intelligently entered into because his attorneys did not discuss any possible defenses with defendant. We disagree.

The decision of whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the trial court. (*People v. Bachman* (1984), 127 Ill. App. 3d 179, 182.) The decision of the trial court will not be disturbed unless "it appears that the guilty plea was entered through a misapprehension of the facts or [the] law, that defendant has a defense worthy of consideration, or where there is doubt of guilt of the accused and the ends of justice would better be served by submitting the case to a trial." *People v. Spicer* (1970), 47 Ill. 2d 114, 116.

■■ The record discloses that at the time he pleaded guilty, defendant was 31 years old and had completed two years of college. The record further discloses that defendant was aware of the minimum and maximum sentences applicable to both charges, and that he was also aware that he could be subjected to a consecutive term for the second charge. We do not believe that defendant's belief that the consecutive sentencing was optional as opposed to mandatory is sufficient reason for overturning the decision of the trial court since even under defendant's belief, defendant realized that consecutive sentencing was at least a possibility. Finally, we find that the record discloses sufficient evidence on which the trial court could have found that defendant discussed both charges with his attorneys. We therefore conclude that the trial court did not err in denying defendant's motion to withdraw his guilty plea.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.