THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH JOHNSON, Defendant-Appellant.

Third District    No. 76-155

Opinion filed December 5, 1977.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Will County, finding defendant, Kenneth Johnson, guilty of the offense of murder and sentencing him to a term of not less than 100 nor more than 200 years to the Department of Corrections.

On this appeal the following three issues are raised:

1. Whether defendant was denied his right to a fair trial by the trial court's permitting two uniformed officials from the Department of Corrections to guard defendant throughout the jury trial;

2. Whether the trial court erred by denying defense counsel the right to directly question prospective jurors; and,

3. Whether the sentence imposed upon the defendant was excessive and should be reduced.

We note at the outset that numerous witnesses testified and no issue is raised on this appeal regarding the sufficiency of the evidence.

Defendant's first argument on appeal is that his presumption of

innocence was undermined by the trial court's permitting two uniformed officials from the Department of Corrections to guard him throughout the jury trial and therefore he was denied his right to a fair trial. He contends he was impeached without ever taking the stand because the jury would know both that the only reason there were Stateville guards present in the courtroom sitting behind the defendant would be because defendant was in custody at Stateville and the only reason defendant would be in custody at Stateville would be because he had been convicted of a crime.

At the time of the trial defendant was imprisoned for the offense of armed violence. Defendant wore a civilian suit during the trial. See *Brooks v. Texas* (5th Cir. 1967), 381 F.2d 619. Furthermore, the guards were seated behind the defendant before the jury entered. The trial court described the uniforms as being in military style, dark green with light shirts and a dark tie. Each officer wore a patch on his left arm having the profile of the State of Illinois. Written on the patch were the words "Illinois Department of Corrections." Inside the profile of the State of Illinois was the word "Stateville." If the guards were armed, any weapons they might have had were not visible.

■■ Defendant concedes his argument is one of first impression in Illinois. He does not challenge the presence of the officials from the Department of Corrections but argues that every valid interest of the court or the Department of Corrections would have been equally well served had the Department of Correction officers been in plain clothes. After a careful examination of the record we believe that although the better practice would have been for the guards to have been in civilian dress, any inferences unfavorable to the defendant under the circumstances of this case would be highly speculative. Accordingly, we cannot hold as a matter of law that error was committed by the court's permitting the presence of the two uniformed guards from the Department of Corrections.

■■ Regarding the second issue on this appeal relating to the trial court's denial of defense counsel's request to conduct a voir dire of prospective jurors, defendant argues he had a statutory right to conduct voir dire. Although the trial judge conducted the voir dire himself, he did ask both defense counsel and the prosecutor to submit questions to him and in fact did consider a number of the questions proposed by defense counsel. The court then asked counsel to suggest additional questions during the course of the voir dire if any questions arose. Defendant concedes the record is silent as to whether defense counsel asked any additional questions.

Defendant's reliance on statutory authority (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f)) is not well founded since the section relied upon has recently . been declared unconstitutional in the case of *People v.*

*Brumfield*, 51 Ill. App. 3d 637, 366 N.E.2d 1130. In that decision there is a lengthy treatment of the constitutionality of the cited statutory provision which provides:

"* * * Each opposing counsel has the right to conduct his own voir dire examination of each prospective juror for the purpose of determining such juror's qualifications, bias and prejudice, or freedom therefrom." (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f).)

The court held both that there is no constitutional right to direct examination of prospective jurors and that section 115—4(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f)) unduly infringes upon the judicial power of the courts in violation of article II, section 1 of the Illinois Constitution of 1970 and is therefore void. Accordingly, defendant's argument he had a statutory right to directly voir dire prospective jurors is without merit. Furthermore, the record reveals no abuse of discretion in the manner in which the trial court conducted its examination.

Defendant's third argument relates to the alleged excessiveness of the 100- to 200-year sentence imposed upon him. Since the sentence imposed is clearly within the limits prescribed by the legislature (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1), defendant's argument necessarily rests upon the constitutional prescription that:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. 1, §11.

The record shows that defendant was convicted for the murder of a filling station attendant. There was evidence that subsequent to the murder defendant pumped gas and waited on customers in the station. One month prior to this offense defendant committed another shooting offense for which he was convicted of the offense of armed violence.

■■ After taking into consideration the nature and circumstances of the offense and the history and character of the defendant as shown by the record, we believe the trial court did not abuse its exercise of discretion. We cannot as a court of review substitute our judgment for that of the trial court in imposing sentence unless there has been an abuse of discretion. *People v. Taylor*, 33 Ill. 2d 417, 211 N.E.2d 673.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.