(No. 50446.— 

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GEORGE COLES *et al.*, Appellees.

*Opinion filed January 26, 1979.*

WARD, J., took no part.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Lee T. Hettinger, Joan S. Cherry, and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, and Robert P. Isaacson, Assistant Public Defender, of Chicago, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendants, George Coles and Kevin Johnson,

were convicted of armed robbery after a joint trial in the circuit court of Cook County. The Appellate Court, First District, reversed both convictions on the grounds that the trial court's restriction of inquiry into the alleged bias of the chief prosecution witness violated the defendants' right to confront and cross-examine the witnesses against them. (55 Ill. App. 3d 528, 529-30.) We granted the State's petition for leave to appeal, and we now affirm as to defendant Coles and vacate and remand the cause with directions, as to defendant Johnson.

The armed robbery in question allegedly took place at the home of Phyllis and Walter Stallworth in Chicago. Mrs. Stallworth was the chief witness against the defendants at trial. She alone allegedly observed defendant Coles during the robbery. Mrs. Stallworth also happened to be the sister of defendant Coles' wife. At trial, counsel for defendant Coles attempted to demonstrate that Mrs. Stallworth was biased against him.

A crucial aspect of this attempt to establish Mrs. Stallworth's alleged bias was counsel's attempt to demonstrate a motive or reason for some of that bias. However, when counsel sought to lay a foundation for inquiring whether, four months prior to the alleged robbery, Mrs. Stallworth had been beaten by her husband as a result of Coles' having told him that she was having an extramarital affair, the court sustained the State's objection as to *any* inquiry into the alleged beating. Coles' counsel thereupon made an offer of proof, for the record, of the questions he intended to ask of Mr. and Mrs. Stallworth regarding the alleged beating.

Counsel for defendant Coles was, however, permitted to inquire, *inter alia,* whether defendant had visited the Stallworth home, whether Mrs. Stallworth had encouraged her sister not to marry Coles, and whether Mrs. Stallworth had threatened to "fix" Coles.

It is well settled that the trial court is vested with

"substantial discretion" to determine both the manner and scope of cross-examination. (*People v. McCain* (1963), 29 Ill. 2d 132, 134. See also *People v. Peter* (1973), 55 Ill. 2d 443, 452.) Accordingly, the trial court's decision on such issues will not be overturned absent a showing of a "clear abuse" of that discretion "resulting in manifest prejudice." (*People v. Halteman* (1956), 10 Ill. 2d 74, 86.) Here, we conclude that the trial court's decision excluding inquiry into the chief prosecution witness' allegedly having been beaten by her husband (for which she allegedly blamed Coles) constituted a clear abuse of discretion resulting in manifest prejudice to Coles, against whom that witness provided the most damaging evidence at trial. (See, *e.g.*, *People v. Barr* (1972), 51 Ill. 2d 50, 52.) The potential inference, from the alleged beating, of a motive to misrepresent was neither remote nor speculative, nor unduly prejudicial to the government and therefore should have been left to the jury. *Cf.*, generally, *People v. Jones* (1975), 60 Ill. 2d 300, 306 (relationship of a witness to a defendant is clearly a basis for bias as to which cross-examination is appropriate). See also *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105.

Although *Davis* based its holding upon the confrontation clause of the sixth amendment to the United States Constitution, we see no need to elevate our decision beyond the general evidentiary principles upon which it is based. Accordingly, we eschew reliance upon either the Illinois or the United States Constitution in reaching our decisions with regard to defendant Coles.

With regard to defendant Johnson, however, we hold that the appellate court erred in reversing his conviction based upon an issue which he neither raised in the trial court nor briefed in the appellate court, and which involved the exercise of the trial court's discretion as to matters beyond those addressed by counsel for defendant Coles.

Coles and Johnson had separate counsel in the trial court. Counsel for defendant Johnson did not seek to inquire as to Mrs. Stallworth's alleged bias, and did not join in Coles' counsel's attempt to do so. In the appellate court, where Coles and Johnson shared the same counsel, the brief of the appellants expressly limited its argument regarding the prejudicial effects of the limitation of the inquiry into Mrs. Stallworth's alleged bias to the prejudice suffered by defendant Coles.

By failing to raise this issue in the trial court, by failing to preserve it in his post-trial motion (see Ill. Rev. Stat. 1975, ch. 38, par. 116–1), and by failing to brief the issue in the appellate court, appellant Johnson has waived this issue (*cf. Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379), and the "plain error" exception of Rule 615(a) (58 Ill. 2d R. 615(a)) does not save him from such waiver.

"Before plain error can be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed." (*People v. Precup* (1978), 73 Ill. 2d 7, 17.) Although we find the trial court's decision to have been erroneous as to Coles, we are not prepared to say that, as to Johnson, it constituted "plain error" or a "defect affecting substantial rights." (See 58 Ill. 2d R. 615(a).) In light of the discretionary nature of the decision, and in light of the difference between the potential prejudice from the judge's ruling to Johnson and to Coles, it is not impossible that, after full argument on the question in the trial court, a resolution of this issue could have been achieved which was not prejudicial to Johnson, whose theory of defense did not coincide with that of Coles. We therefore hold that Johnson is estopped from asserting that the trial court committed plain error by abusing its discretion as to him, because he has not even given that court an opportunity to exercise its discretion,

and because it is not clear that raising the issue would have been futile.

For the foregoing reasons, the judgment of the appellate court is affirmed as to defendant Coles and vacated as to defendant Johnson. The cause is remanded to the appellate court for consideration of the remaining issues raised in that court as to defendant Johnson.

*Affirmed in part and vacated*
*in part and remanded,*
*with directions.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.