THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GEORGE NEWMAN, Defendant-Appellant.

Fifth District   No. 5—82—0006

Opinion filed March 27, 1984.—Rehearing denied April 6, 1984.

Randy E. Blue and John W. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

K. Rick Keller, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Mary W. Richardson, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Following a jury trial in the circuit court of Effingham County, defendant, George Newman, was convicted on two counts of deviate sexual assault and one count each of aggravated kidnaping and battery. He was sentenced to concurrent terms of imprisonment of 28

years for deviate sexual assault, 12 years for aggravated kidnaping and 364 days for battery. Two issues are raised on appeal, each related to the so-called rape shield law of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—7). First, was it reversible error to specifically limit the scope of cross-examination of the complainant regarding her alleged bias against the defendant? Second, was it reversible error to prohibit cross-examination of the complainant, and the testimony of two other witnesses, regarding her history as a prostitute for purposes of impeaching credibility? Each answer is no, and we affirm.

Because of the nature of the issues presented on this appeal, a detailed account of the facts comprising the crimes charged is unnecessary. The evidence was sufficient to establish that on May 1, 1981, defendant abducted complainant in a grocery store parking lot and drove her to a secluded rural area where he physically abused her and forced her to submit to deviate sexual acts.

Prior to trial, the State filed a motion *in limine* to prohibit the defendant from making any reference to complainant's prior sexual conduct. Hearing was held in chambers. Defense counsel notified the court of his intention to establish, through cross-examination of the complainant, that both the defendant and his wife, at whose home complainant had been living, had ordered her to move out of the home because she was working as a prostitute. Counsel advised the court that the defendant and his wife told the complainant during March or April before the the May 1 incident that she was not paying her bills, that she was bringing men home and selling her body and that they wanted her out of the home. Counsel argued that this was a proper matter for impeachment because it tended to show bias by the complainant toward the defendant.

Defense counsel also notified the court of his intention to establish, through cross-examination of the complainant, that she was engaged in prostitution, as a matter affecting her credibility. Counsel also advised the court that the complainant's sister and a truck stop employee were prepared to verify that the complainant had been working as a prostitute at the truck stop.

The court granted the State's motion and prohibited the defense from questioning any witness about the complainant's past sexual conduct. The proposed impeachment evidence, said the court, was barred by the rape shield law. Subsection (a) of the rape shield law provides:

> "In prosecutions for rape or deviate sexual assault, the prior sexual activity or the reputation of the alleged victim is inadmissible except as evidence concerning the past sexual conduct

of the alleged victim with the accused." Ill. Rev. Stat. 1981, ch. 38, par. 115—7.

Defendant argues it was error for the trial court to bar cross-examination and impeachment of the complainant in order to establish alleged bias against the defendant and his wife.

Defendant's argument seems to be that his right of confrontation was violated. Principal reliance is placed on *People v. Coles* (1979), 74 Ill. 2d 393, 385 N.E.2d 694. Defendant's premise is that the accusation of prostitution was relevant to establish complainant's bias but did not in itself constitute evidence of her sexual history or character since it was only "tangentially related to some sexual activities."

In *Coles*, the defendant was charged with armed robbery. The prosecution's chief witness, Mrs. Stallworth, observed the crime in progress in her home. She also happened to be the sister of the defendant's wife. Counsel attempted to establish her bias toward defendant by inquiring whether she had been beaten by her husband as a result of defendant having told him that she was having an extramarital affair. The court sustained the State's objection as to *any* inquiry into the alleged beating. Defense counsel was, however, permitted to inquire, *inter alia*, whether defendant had visited the Stallworth home, whether Mrs. Stallworth had encouraged her sister not to marry the defendant, and whether Mrs. Stallwroth had threatened to "fix" the defendant. The supreme court affirmed the reversal of defendant's conviction by concluding the trial court abused its discretion by excluding inquiry into the alleged beating, for which the witness allegedly blamed defendant. "The potential inference, from the alleged beating, of a motive to misrepresent was neither remote not speculative, nor unduly prejudicial to the government and therefore should have been left to the jury." 74 Ill. 2d 393, 396, 385 N.E.2d 694, 695.

■■ "[W]hen determining whether a denial of cross-examination violates the defendant's right of confrontation, we should look not to what defendant has been prohibited from doing but to what he has been allowed to do. The issue under the confrontation clause is whether the jury has been made aware of adequate factors to determine whether the witness is worthy of belief [citations], not whether any particular limitation has been placed upon defendant's ability to cross-examine a witness or whether the jury has knowledge of any specific fact. Thus, if it appears from the entire record that the jury has been made aware of adequate factors concerning relevant areas of impeachment of a witness, no constitutional question arises merely because defendant has been prohibited on cross-examination from pursu-

ing other areas of inquiry. [Citation.]" (*People v. Hines* (1981), 94 Ill. App. 3d 1041, 1048, 419 N.E.2d 420, 425-26.) We note that in the instant case cross-examination was never barred. On the contrary, it is evident that defense counsel was allowed considerable latitude in cross-examining the complainant about the very incident giving rise to the alleged bias toward defendant. Counsel was permitted to establish that she was living with her sister in defendant's home, that she was evicted from the home before the incident and that it was the defendant who had made the decision to "kick her out." Counsel even argued in closing that the evidence showed she had a motive to lie. There is no doubt that defendant was permitted to establish hostility. The court did not prohibit cross-examination about the reason for bias, interest or motive to testify, but prohibited only cross-examination about one of the reasons defendant had for not wanting complainant to remain in the home. An analogous inquiry in *Coles* would have allowed into evidence not only the alleged beating but also the specific allegation of an extramarital affair which gave rise to the alleged beating. We need only speculate whether such a specific allegation would be admissible in a trial for armed robbery. The instant trial was for deviate sexual assault. Insofar as defendant's reason would have added little evidentiary value to that which was permitted to be established and in light of its inextricable relation to past sexual conduct and reputation of the complainant, it was properly excluded from the scope of cross-examination pursuant to the rape shield law.

█ Regarding defendant's second alleged error, the well-established rule in Illinois is that it is proper to cross-examine a witness about engagement in an unlawful and disreputable occupation as a matter affecting general credibility. (See *People v. Crump* (1955), 5 Ill. 2d 251, 125 N.E.2d 615; *People v. Winchester* (1933), 352 Ill. 237, 185 N.E. 580; *People v. Bond* (1917), 281 Ill. 490, 118 N.E. 14; *People v. Hines* (1981), 94 Ill. App. 3d 1041, 419 N.E.2d 420.) We cannot wholly agree, however, with defendant's assertion that the legislature, by enacting section 115—7, did not intend to restrict impeachment of the complainant in a trial for deviate sexual assault, when such impeachment directly relates to the prior sexual activity and reputation of the complainant. The defendant in such a case is not precluded from challenging or attacking complainant's credibility or veracity or from otherwise utilizing cross-examination as an effective tool of impeachment. (See *People v. Cornes* (1980), 80 Ill. App. 3d 166, 175, 399 N.E.2d 1346, 1353.) Rather, the defendant is merely restricted to that type of impeachment evidence unrelated to prior sexual activity and reputation. The scope of cross-examination was properly limited.

For the foregoing reasons, the judgment of the circuit court of Effingham County is affirmed.

Affirmed.

WELCH, P.J., and JONES, J., concur.