THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM FRIESLAND, Defendant-Appellant.

Fifth District   No. 5—83—0478

Opinion filed February 6, 1985.—Rehearing denied February 27, 1985.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

The defendant, William Friesland, was convicted in a trial by jury in the circuit court of Montgomery County of the offense of burglary and was sentenced to a term of 10 years' imprisonment. He challenges the fairness of his trial, presenting two issues for our review.

Friesland's first contention is that the trial court erred in denying his request for production of reports of recent mental examinations of Paul A. Seago, Jr. Seago pleaded guilty to the burglary for which Friesland was convicted and was the State's chief witness in its case against the defendant. He testified in detail concerning Friesland's involvement in the burglary of a supply store and the subsequent disposal of the items stolen. Friesland's discovery motion asserted that medical reports relating to Seago's mental health during the preceding three years, and specifically to the time period in which Seago related the burglary events to investigative officers, were necessary to aid the defense in impeaching Seago's testimony.

■ It is well established in Illinois that evidence of a witness' mental condition is admissible to the extent that it relates to the credibility of the witness' testimony. (*People v. Dace* (1983), 114 Ill. App. 3d 908, 449 N.E.2d 1031, *aff'd* (1984), 104 Ill. 2d 96, 470 N.E.2d 993; *People v. Walton* (1982), 107 Ill. App. 3d 698, 437 N.E.2d 1273; *People v. Phipps* (1981), 98 Ill. App. 3d 413, 424 N.E.2d 727.) To that end, courts have protected a defendant's rights under the confrontation clause by requiring that the defense be provided with medical information demonstrated as relevant to the credibility of the challenged witness' testimony. (See *People v. Dace* (1983), 114 Ill. App. 3d 908, 449 N.E.2d 1031; *People v. Phipps* (1981), 98 Ill. App. 3d 413, 424 N.E.2d 727; see also *People v. Di Maso* (1981), 100 Ill. App. 3d 338, 426 N.E.2d 972.) We cannot say on the record before us, however, that Friesland's sixth amendment rights were affected or that prejudicial error occurred.

■ In support of his contention that the trial court erred in denying the requested discovery, the defendant relies principally on *People v. Dace* (1983), 114 Ill. App. 3d 908, 449 N.E.2d 1031, *aff'd* (1984), 104 Ill. 2d 96, 470 N.E.2d 993. Under the circumstances presented in *Dace*, the court found that the court's refusal of the defendant's request for mental health records of an accomplice-witness denied him a fair trial. The defendant was able to show that the witness had been involuntarily committed and adjudged dangerous to others. Additionally, the record demonstrated that Dace's conviction was solely dependent on the evidence offered by the accomplice-witness. In the present case, though Seago's testimony was critical, it was not exclusively determinative of Friesland's guilt. Sufficient corroborative circumstantial evidence was adduced to prove the defendant's guilt, including Friesland's possession of a number of tools fitting the description of items stolen during the burglary, and partial corroboration of Seago's account of the burglary and subsequent related events

from three other witnesses.

Moreover, substantial testimony was adduced which tended to weaken Seago's credibility, including evidence of Seago's problems with drugs and alcohol, his depression and suicidal urges, and the startling testimony of two witnesses concerning Seago's sexual peculiarities. Though this evidence was admitted and emphasized during closing arguments, the jury's verdict indicates confidence in Seago's testimony despite his shortcomings and mental history. We recently stated, concerning a defendant's right of confrontation, that "[t]he issue under the confrontation clause is whether the jury has been made aware of adequate factors to determine whether the witness is worthy of belief [citations], not whether any particular limitation has been placed upon defendant's ability to cross-examine a witness or whether the jury has knowledge of any specific fact." *People v. Newman* (1984), 123 Ill. App. 3d 43, 45, 462 N.E.2d 731, 733, citing *People v. Hines* (1981), 94 Ill. App. 3d 1041, 1048, 419 N.E.2d 420, 425-26.

The present case more closely resembles the situation in *People v. Walton* (1982), 107 Ill. App. 3d 698, 437 N.E.2d 1273, where the court upheld the denial of discovery of a witness' mental health records because the defendant failed to demonstrate the relevance of the information sought to the witness' credibility. Friesland's motion was an overbroad and somewhat blind attempt to discover information about Seago's medical history, lacking any demonstrable nexus to the reliability of his anticipated testimony. Even now, when the point is being pursued vigorously, we discern nothing which persuades us that the records sought would have proved pertinent or helpful to the defense. In the absence of such a showing and because the jury was afforded ample opportunity to assess Seago's believability, we hold that defendant's right to a fair trial was not impaired by the denial of his discovery motion.

■ Appellant's second challenge concerns various references to his past imprisonment and the presence of uniformed guards at his trial which he claims compromised his right to the presumption of innocence and thereby deprived him of a fair trial. The remarks of witnesses who alluded to defendant's prison term were neither elicited nor emphasized by the State. While references to prior incarcerations are suggestive of previous criminal convictions, which is generally inadmissible evidence, the record as a whole demonstrates that any error in the objectionable testimony's admission was harmless. *United States v. Hasting* (1983), 461 U.S. 499, 76 L. Ed. 2d 96, 103 S. Ct. 1974.

Similarly, we perceive no prejudicial error in the presence of uni-

formed guards. This is a common courtroom practice, and although it is probably preferable that the guards be clothed in civilian dress, an overall view of the record lacks a showing of substantial damage to the defendant's rights. Any damage wrought by the effect on the jury of the uniformed guards was mitigated by the precautionary instruction regarding the presumption of innocence. See *People v. Shorter* (1978), 59 Ill. App. 3d 468, 375 N.E.2d 513; *People v. Johnson* (1977), 54 Ill. App. 3d 970, 370 N.E.2d 611.

The defendant has failed to demonstrate reversible error, and, therefore, the conviction is affirmed.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.