No. 89408–Agenda 4–September 2002.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOSEPH R. MILLER, Appellant.

Opinion filed December 19, 2002.
–Modified Upon Denial of Rehearing April 1, 2003

JUSTICE THOMAS delivered the opinion of the court:

Defendant, Joseph R. Miller, appeals from the dismissal of his post-conviction petition without an evidentiary hearing. We affirm.

BACKGROUND

In the late 1970s, defendant murdered two women and disposed of their bodies by the side of a road. He was convicted of these murders and sentenced to the Department of Corrections (DOC). In April 1993, he was released from prison. Five months later, he killed three more women and disposed of their bodies in drainage ditches. Following a jury trial in the circuit court of Peoria County, defendant was convicted of six counts of first degree murder (720 ILCS 5/9–1(a) (West 1992)) for the later crimes. The same jury found that defendant was eligible for the death penalty because he was convicted of killing more than one person (720 ILCS 5/9–1(b)(3) (West 1992)), and that there were no mitigating factors sufficient to preclude the imposition of the death penalty. Accordingly, the trial court sentenced defendant to death. On direct appeal, we affirmed defendant’s convictions and sentence. 
People v. Miller
, 173 Ill. 2d 167 (1996). The United States Supreme Court denied defendant’s petition for a writ of 
certiorari
 on March 31, 1997. 
Miller v. Illinois
, 520 U.S. 1157, 137 L. Ed. 2d 497, 117 S. Ct. 1338 (1997).

On December 29, 1995, defendant filed a 
pro se
 petition for post-conviction relief. In the petition, defendant argued that his trial counsel was ineffective in two respects. First, defendant contended that, during plea negotiations, his attorney failed to explain to him that a sentence of natural life was the most lenient sentence he could receive. Defendant had rejected the State’s offer of life imprisonment in exchange for his guilty plea. Defendant claimed that, if his attorney had explained to him that natural life was the most lenient sentence he could have received, he would have accepted the State’s offer. Defendant supported this contention with his own affidavit. Second, defendant contended that his attorney was ineffective for failing to cross-examine two of the State’s witnesses about their criminal involvement in the sale of stolen property. Defendant concluded that these witnesses must have been promised leniency in exchange for their testimony, and the State did not disclose such a promise to the defense. Defendant supported this claim with police reports showing that these two witnesses admitted to being involved in the sale of stolen property with defendant. Defendant contended both that his due process rights were violated by the State’s failure to disclose the promise of leniency and that his attorney was ineffective for failing to cross-examine the witnesses about the promise of leniency.

The trial court appointed counsel to represent defendant, and counsel filed an amended petition on defendant’s behalf. The amended petition incorporated by reference defendant’s 
pro se
 petition and added the additional claim that defendant’s trial counsel was ineffective for failing to investigate and present available mitigating evidence. Defendant supported this contention with evaluations conducted by Dr. Michael Gelbort, a clinical psychologist, and Dr. Fred Berlin, an associate professor at Johns Hopkins University School of Medicine. Dr. Berlin’s report concluded that defendant was a sexual sadist and that this malady impaired his volitional capabilities. Dr. Gelbort concluded that defendant suffered from neuro-psychological impairment and dysfunction reflective of brain dysfunction or damage.

The State moved to dismiss the petition without an evidentiary hearing. In the motion, the State contended that all of defendant’s issues were waived because they could have been raised on direct appeal. The State further argued that defendant had failed to meet his burden of showing that he had experienced a substantial denial of his constitutional rights. The trial court granted the State’s motion to dismiss. The court concluded that defendant had failed to show that trial counsel’s performance fell below an objective standard of reasonableness. Defendant appealed directly to this court. 134 Ill. 2d R. 651(c).

ANALYSIS

A defendant is not entitled to an evidentiary hearing on a post-conviction petition as a matter of course. Rather, a hearing is required only when the allegations of the petition, supported by the trial record and the accompanying affidavits, make a substantial showing of a violation of a constitutional right. 
People v. Hobley
, 182 Ill. 2d 404, 427-28 (1998). Considerations of waiver and 
res judicata
 limit the range of issues available to a post-conviction petitioner to constitutional matters that have not been, and could not have been, previously adjudicated. 
People v. Tenner
, 175 Ill. 2d 372, 378 (1997). Rulings on issues that were previously raised at trial or on direct appeal are 
res judicata
, and issues that could have been raised, but were not, are waived. 
People v. Coleman
, 168 Ill. 2d 509, 522 (1995). Where the State seeks dismissal of a post-conviction petition instead of filing an answer, its motion to dismiss assumes the truth of the allegations to which it is directed and questions only their legal sufficiency. 
People v. Ward
, 187 Ill. 2d 249, 255 (1999). If the circuit court determines that the petition should be dismissed without an evidentiary hearing, its judgment is subject to 
de novo
 review. 
People v. Coleman
, 183 Ill. 2d 366, 387-88 (1998).

Ineffective Assistance of Counsel: Failure to Investigate and Present Mitigating Evidence

Defendant first argues that he received the ineffective assistance of counsel at the aggravation-mitigation phase of his capital sentencing hearing because his attorney failed to investigate and present available mitigating evidence. Defendant alleges that, had this evidence been considered by the jury, there is a reasonable probability that the jury would have concluded that sufficient mitigating evidence existed to preclude the death penalty. This issue is moot.

An appellate issue is moot when it is abstract or presents no controversy. 
People v. Blaylock
, 202 Ill. 2d 319, 325 (2002). An issue can become moot if circumstances change during the pendency of an appeal that prevent the reviewing court from being able to render effectual relief. 
People v. Jackson
, 199 Ill. 2d 286, 294 (2002). Subsequent to the filing of defendant’s appeal, the Governor commuted defendant’s death sentence to natural life imprisonment without the possibility of parole or mandatory supervised release. Commutation removes the judicially imposed sentence and replaces it with a lesser, executively imposed sentence. 
People ex rel. Johnson v. Murphy
, 257 Ill. 564, 566 (1913). Thus, the commutation rendered this sentencing issue moot. See, 
e.g.
, 
Lewis v. Commonwealth
, 218 Va. 31, 38, 235 S.E.2d 320, 325 (1977); 
State v. Mitchell
, 239 Or. 87, 88, 396 P.2d 572, 573 (1964).

Ineffective Assistance of Counsel: Plea Negotiations

Defendant next argues that he received the ineffective assistance of counsel during plea negotiations. Prior to trial, the State offered a sentence of life imprisonment in exchange for defendant’s guilty plea. Defendant rejected the offer. Defendant claimed in his post-conviction petition that he did not have time to make a rational decision whether to accept the offer and that his attorney failed to tell him that life imprisonment was the minimum sentence he could receive if convicted of the crimes. Defendant claimed in his petition that, had he known that life imprisonment was the most lenient sentence available, he would have pleaded guilty. For the reasons stated above, this issue is likewise moot.

Decher-Mayes Testimony

Finally, defendant raises two issues concerning prosecution witnesses Mary Decher and Daniel Mayes. These two witnesses gave testimony that placed defendant in the car believed to have been used by the murderer. Defendant gave them conflicting statements about how he came into possession of the vehicle. Defendant claimed in his petition that Decher and Mayes must have been offered leniency by the State in exchange for their testimony and that the evidence of a deal with the State was never disclosed to him. Defendant argues both that the State violated its obligation under 
Brady v. Maryland
, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), to disclose the promise of leniency and also that his attorney was ineffective for failing to cross-examine Decher and Mayes about whether they were offered anything in exchange for their testimony.

We note initially that defendant’s claim of a promise of leniency is entirely speculative. The evidence that defendant attached to his post-conviction petition in support of this claim is a series of police reports showing that when the police questioned Decher and Mayes, they admitted that they were involved in the sale of stolen property with defendant. Defendant infers from this that they must have been offered leniency in exchange for their testimony. Because defendant has failed to provide any evidence that there was in fact a promise of leniency, his petition was subject to dismissal on that basis alone. However, we will briefly address his claims on the merits.

Under 
Brady
, the State has an obligation to disclose evidence that is both favorable to the accused and material to guilt or to punishment. 
Brady
, 373 U.S. at 87, 10 L. Ed. 2d at 218, 83 S. Ct. at 1196-97. Evidence is material “if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.”
 United States v. Bagley
, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 494, 105 S. Ct. 3375, 3383 (1985); 
People v. Sanchez
, 169 Ill. 2d 472, 486 (1996). Assuming 
arguendo
 that Decher and Mayes were promised leniency in exchange for their testimony and that this agreement was not disclosed to the defense, defendant simply cannot show a reasonable probability that the result would have been different if his attorney would have been able to introduce evidence of the deal. As we noted in our opinion on direct appeal, the evidence in the case was not closely balanced, and the evidence of defendant’s guilt was overwhelming. 
Miller
, 173 Ill. 2d at 194-95. The testimony of Decher and Mayes was helpful in that it tied defendant to the vehicle likely used by the murderer. However, there was other evidence connecting defendant to the vehicle. See 
Miller
, 173 Ill. 2d at 177-78. And, more importantly, there was plenty of evidence to convict defendant even without their testimony, including defendant’s own incriminating statements and the DNA evidence that conclusively linked him to the crime. See 
Miller
, 173 Ill. 2d at 174-78. Thus, assuming there was an undisclosed promise of leniency, defendant cannot show that he was prejudiced by not having this information. For the same reason, defendant cannot meet the second prong of the 
Strickland
 test on his ineffective assistance of counsel claim. Defendant simply cannot show a reasonable probability that, had his attorney cross-examined Decher and Mayes about promises of leniency in exchange for their testimony, that the jury would not have convicted him. Accordingly, the trial court properly denied defendant an evidentiary hearing on this claim.

CONCLUSION

Defendant’s post-conviction petition, supported by the accompanying evidence and the trial record, does not make a substantial showing that defendant’s constitutional rights were violated. Accordingly, the court did not err in dismissing the petition without an evidentiary hearing. The judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed
.