No.2-08-0590     Filed:  6-7-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 02--CF--1662 |
| MICHAEL C. MOORE, | ) ) | Honorable Steven G. Vecchio, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

Michael C. Moore appeals the trial court's order summarily dismissing his petition filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 et seq. (West 2006)), contending that his trial counsel was ineffective for failing to object to the presence of two security officers positioned behind him at trial and that his appellate counsel was ineffective for failing to raise the issue on direct appeal. We affirm.

I. BACKGROUND

In 2002, Moore was charged by indictment with three counts of first degree murder, with count I alleging that Moore committed murder in the course of a residential burglary (720 ILCS 5/9--1(a)(3) (West 2002)), count II alleging that he stabbed Elbert Person, causing his death, while knowing that his acts created a strong probability of death or great bodily harm (720 ILCS 5/9--2(a)(2) (West 2002)), and count III alleging that his acts created a strong probability of death

or great bodily harm to a person 60 years of age or older (720 ILCS 5/9--1(a)(2) (West 2002); 730 ILCS 5/5--5--3.2(b)(4)(ii) (West 2002)).

In 2005, a jury trial was held. During trial, two uniformed police officers where positioned directly behind Moore. The jury found Moore guilty on all counts, and he moved for a new trial, arguing in part that the presence of the officers gave the jury the impression that Moore was a security risk. The trial court denied the motion, observing that Moore appeared in street clothes, he was not shackled or handcuffed, he was brought into the courtroom by the officers when the jury was not present, and the officers never spoke to Moore or directed him to do anything when the jurors were present. The court further found that the objection was untimely because it was not raised during trial. Moore appealed, with representation by different counsel, but did not raise the issue concerning the presence of the officers and did not allege that his trial counsel was ineffective for failing to object during trial to the officers' presence. We affirmed. People v. Moore, No. 2--05--0450 (2007) (unpublished order under Supreme Court Rule 23).

In March 2008, Moore filed a pro se postconviction petition, alleging in part that his trial counsel was ineffective for failing to object during trial to the presence of the officers. He alleged that the officers were in uniform and were placed directly behind him and that there were no other uniformed officers in the courtroom. Moore also argued that his appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel. The trial court summarily dismissed the petition, finding that, as it applied to trial counsel, the issue was forfeited because it could have been raised on direct appeal. The court found that the issue lacked merit as it applied to appellate counsel. Moore appeals.

## II. ANALYSIS

The Act provides a remedy to criminal defendants who have suffered substantial violations of their constitutional rights. People v. Barcik, 365 Ill. App. 3d 183, 190 (2006). When the death penalty is not involved, there are three stages to the proceedings. Barcik, 365 Ill. App. 3d at 190. During the first stage, the trial court determines whether the defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief. People v. Coleman, 183 Ill. 2d 366, 380 (1998). The trial court may summarily dismiss the petition if it finds that the petition is "frivolous or is patently without merit." 725 ILCS 5/122--2.1(a)(2) (West 2006). "[A] pro se petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." People v. Hodges, 234 Ill. 2d 1, 11-12 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." Hodges, 234 Ill. 2d at 16. "We review de novo the first-stage dismissal of a postconviction petition." Barcik, 365 Ill. App. 3d at 190.

A. Forfeiture of Ineffective Assistance of Trial Counsel

Moore argues that his claim of ineffective assistance of trial counsel was not forfeited, because it depended on facts that did not appear on the face of the record, and thus it could not have been raised on direct appeal. In particular, he argues that the record did not show the nature and extent of the security measures that were actually employed during trial.

Postconviction proceedings involve a review only of matters that have not been, and could not have been, previously adjudicated. People v. Erickson, 183 Ill. 2d 213, 222 (1998). Such a petition is a collateral attack on a prior conviction and sentence, not a substitute for or an addendum to a direct appeal. People v. West, 187 Ill. 2d 418, 425 (1999). Accordingly, issues that could have

been raised on direct appeal, but were not, are considered forfeited and, therefore, barred from consideration in a postconviction proceeding. People v. Blair, 215 Ill. 2d 427, 443-44 (2005); People v. Miller, 203 Ill. 2d 433, 437 (2002).

"The forfeiture rule applies only where it was possible to raise an issue on direct appeal; thus, a postconviction claim that depends on matters outside the record is not ordinarily forfeited, because matters outside the record may not be raised on direct appeal." People v. Youngblood, 389 Ill. App. 3d 209, 214 (2009).  Even when a claim could have been raised, however, "it is well established that a postconviction claim will not be forfeited where the alleged forfeiture stems from the incompetence of appellate counsel." Youngblood, 389 Ill. App. 3d at 214-15.

Here, Moore argues that his claim could not have been raised on direct appeal because it involved matters outside the record, such as the nature and extent of courtroom security.  Although his petition did include additional details, the trial court largely described the nature and extent of the security when it denied the posttrial motion.  In any event, because Moore's petition raised a claim of ineffective assistance of appellate counsel, the claim as to trial counsel is not forfeited.  Accordingly, we address the trial counsel claim under the rubric of the appellate counsel claim.

### B. Ineffective Assistance of Appellate Counsel

Under Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), a defendant arguing ineffective assistance of counsel must show not only that his or her counsel's performance was deficient but that the defendant suffered prejudice as a result. People v. Houston, 226 Ill. 2d 135, 143 (2007).  Under the two-prong Strickland test, "a defendant must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant in that, but for counsel's deficient

performance, there is a reasonable probability that the result of the proceeding would have been different." Houston, 226 Ill. 2d at 144. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." Hodges, 234 Ill. 2d at 17.

A claim of ineffective assistance of appellate counsel is governed by the same rules that apply to claims of ineffective assistance of trial counsel. People v. Childress, 191 Ill. 2d 168, 175 (2000). The defendant must show that appellate counsel's failure to raise a particular issue on direct appeal was objectively unreasonable and that the defendant was prejudiced by that failure. In order to show prejudice, the defendant must show that the underlying issue had merit. Childress, 191 Ill. 2d at 175.

"A defendant's right to a fair trial is a fundamental liberty interest secured by the sixth and fourteenth amendments to the United States Constitution." People v. Peeples, 205 Ill. 2d 480, 527 (2002), citing Holbrook v. Flynn, 475 U.S. 560, 567, 89 L. Ed. 2d 525, 533, 106 S. Ct. 1340, 1345 (1986). " 'The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice.' " Peeples, 205 Ill. 2d at 527-28, quoting Estelle v. Williams, 425 U.S. 501, 503, 48 L. Ed. 2d 126, 130, 96 S. Ct. 1691, 1692 (1976). To safeguard that presumption, " 'courts must be alert to factors that may undermine the fairness of the fact-finding process' and must 'carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt.' " Peeples, 205 Ill. 2d at 528, quoting Estelle, 425 U.S. at 503, 48 L. Ed. 2d at 130, 96 S. Ct. at 1693.

"When assessing the use of various practices or procedures in the courtroom, '[c]ourts must do the best they can to evaluate the likely effects of a particular procedure, based on reason, principle,

and common human experience.' " Peeples, 205 Ill. 2d at 528, quoting Estelle, 425 U.S. at 504, 48 L. Ed. 2d at 130, 96 S. Ct. at 1693. However, not every courtroom practice that tends to single out a defendant from everyone else in the courtroom constitutes a violation of a defendant's constitutional rights. Peeples, 205 Ill. 2d at 528; see Holbrook, 475 U.S. at 567, 89 L. Ed. 2d at 533, 106 S. Ct. at 1345. In regard to the presence of security, " 'jurors are quite aware that the defendant appearing before them did not arrive there by choice or happenstance.' " Peeples, 205 Ill. 2d at 528, quoting Holbrook, 475 U.S. at 567, 89 L. Ed. 2d at 533-34, 106 S. Ct. at 1345. Jurors also may reasonably draw a wide range of inferences from the presence of security personnel in the courtroom, because the presence of uniformed guards is a common courtroom practice. Peeples, 205 Ill. 2d at 530. Further, not " 'every reminder that the State has chosen to marshal its resources against a defendant to punish him for allegedly criminal conduct' " can be eliminated from the proceedings. Peeples, 205 Ill. 2d at 529, quoting Holbrook, 475 U.S. at 567, 89 L. Ed. 2d at 533-34, 106 S. Ct. at 1345. Thus, the mere presence of security guards in a courtroom is not inherently prejudicial and, in view of the variety of ways in which such guards can be deployed, a case-by-case approach is used to determine if they caused prejudice. Peeples, 205 Ill. 2d at 530; see Holbrook, 475 U.S. at 569, 89 L. Ed. 2d at 535, 106 S. Ct. at 1346. If security measures, which are squarely within the discretion of the trial court, are not inherently prejudicial, the defendant bears the burden of affirmatively demonstrating actual prejudice. See Peeples, 205 Ill. 2d at 531; see Holbrook, 475 U.S. at 572, 89 L. Ed. 2d at 537, 106 S. Ct. at 1347-48.

Generally, defendants who were subjected to in-court security measures similar to those employed during Moore's trial have not suffered prejudice as a result of those measures. See, e.g., Peeples, 205 Ill. 2d at 530 (two uniformed officers were seated behind the defendant and an officer

escorted him to the witness stand to testify, stood behind him while he testified, and escorted him back to the defense table); People v. Fields, 322 Ill. App. 3d 1029, 1031, 1034-35 (2001) (one uniformed guard was stationed behind the defense table, one guard was stationed at each entrance to the courtroom, and a group of guards were seated in the front row of the spectators' seats); People v. Johnson, 54 Ill. App. 3d 970, 972 (1977) (two uniformed officers of the Department of Corrections were seated behind the defendant throughout his trial); People v. Glasco, 66 Ill. App. 2d 445, 448-49 (1966) (an officer was positioned near the defendant rather than in the spectator section).

Here, Moore attempts to distinguish the circumstances of his case, arguing that the record is not adequately developed. But, as noted, when the trial court denied his posttrial motion, it largely described the nature and extent of the security measures, none of which were abnormal or inherently prejudicial. Moore's additional allegations do not distinguish the facts of his case from others where prejudice was not shown. Thus, because the presence of the guards was not inherently prejudicial, and Moore did not allege facts to show that their presence resulted in actual prejudice, Moore did not show that he was prejudiced by trial counsel's failure to timely object. As a result, the underlying issue had no merit, and Moore suffered no prejudice due to his appellate counsel's decision not to pursue the matter on appeal. Accordingly, the trial court correctly summarily dismissed Moore's postconviction petition.

### III. CONCLUSION

The trial court properly summarily dismissed Moore's postconviction petition. The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

O'MALLEY and BURKE, JJ., concur.