2022 IL App (1st) 210095-U

FIFTH DIVISION
June 17, 2022

No. 1-21-0095

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 13 CR 02092 |
| | ) | |
| LAWRENCE FLOWERS, | ) | |
| | ) | Honorable Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1　　*Held:* Circuit court correctly summarily dismissed defendant's *pro se* postconviction claim that appellate counsel was ineffective for not raising a *Krankel* issue on direct appeal; affirmed.

¶ 2　　Defendant, Lawrence Flowers, appeals from an order of the circuit court that summarily dismissed his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). Flowers contends that he stated the gist of a constitutional claim that

his appellate counsel was ineffective for not arguing on direct appeal that his preliminary *Krankel* inquiry was tainted by the State's participation. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. Jury Trial

¶ 5     The record reveals that in 2013, Flowers was charged with the offenses of armed habitual criminal, unlawful use or possession of a weapon by a felon, and aggravated unlawful use of a weapon. At the ensuing jury trial, Officer John Lipka testified that on January 8, 2013, he was conducting surveillance on the 1100 block of South Whipple in Chicago. He saw a brown Infiniti with a woman sitting inside, as well as a blue van parked on the street. A vehicle pulled up, from which a man, later identified as Kenneth Shannon, got out. Another man, later identified as Eddie Hubert, walked up to the van and opened a door. A woman opened the trunk of the Infiniti. Flowers walked up to the Infiniti and stood next to it. The woman closed the trunk and handed Flowers a pink cloth handbag. Flowers and Shannon both looked inside the handbag, and Shannon handed money to Flowers. Suspecting an illegal gun transaction, Officer Lipka radioed for help, whereupon an unmarked police car came down the street. Flowers stepped back toward an open door of the van, threw the handbag inside, and closed the door. Flowers was detained. The handbag that Flowers had held contained a semi-automatic pistol and a magazine. At the police station, $210 was recovered from Flowers after a custodial search.

¶ 6     Officer Matthew Nowak testified that when he arrived at the scene, he looked inside the van. A pink handbag was on the floorboard between the front seats. Because the doors were locked, Officer Nowak asked Hubert for permission to enter the van. Hubert consented, and Officer Nowak recovered the handbag, which contained a handgun and magazine.

¶ 7     The State entered into evidence certified copies of Flowers's prior convictions for delivery of a controlled substance and possession of a controlled substance with intent to deliver within 1,000 feet of a park.

¶ 8     After deliberating, the jury found Flowers guilty of the offenses of armed habitual criminal and unlawful use of a weapon by a felon.

¶ 9                                B. *Pro Se* Posttrial Motion

¶ 10    Flowers filed a *pro se* motion for retrial due to ineffective assistance of counsel. In part, Flowers asserted that his defense counsel failed to (1) file any pretrial motions, (2) call any witnesses, including Flowers's codefendant or the owner of the van, (3) subpoena the dispatch report, (4) request an event inquiry, (5) argue the case consistently with the police report, (6) argue third-party consent to search, and (7) cross-examine the police officers. Flowers also stated that defense counsel tried to convince him to enter a guilty plea.

¶ 11    At a subsequent proceeding, the circuit court asked Flowers to explain his allegations, and the following exchange occurred:

            "MR. FLOWERS: First, the owner of the vehicle – alleged owner of the

    vehicle, it was not his vehicle, and I stipulated that from day one, that he gained

    access through a third party on a vehicle that was not registered to him.

            MS. BAILEY [(ASSISTANT STATE'S ATTORNEY)]: Judge, I believe

    he's referring to a van. Not a car.

            MS. ROOS [(DEFENSE COUNSEL)]: The facts were that the defendant

    and co-defendant were in a vehicle subsequent to the exchange of the handgun.

    They went to a third party's vehicle and the gun was then tossed into that vehicle.

    Officers obtained consent from the individual that was present for that vehicle and

recovered such gun. The defendant would not have any standing to challenge the consent of someone else's vehicle.

MS. BRASS [(ASSISTANT STATE'S ATTORNEY)]: Therefore, the attorneys could not file a motion."

¶ 12 The following exchange took place about the police report issue:

"MR. FLOWERS: That's my charge. The sale of delivery of a firearm. I wanted my case to be argued on that instead of possession of a firearm.

MS. BRASS: He is not charged with sale or delivery of a firearm. He is not charged [*sic*] with armed habitual conduct.

THE COURT: You don't to get [*sic*] some other charge you are charged with.

MR. FLOWERS: My initial report. *** [M]y police report stated that I sold a gun to an individual. The individual gave me $200 for that gun. *** [T]hat didn't happen.

MR. SANDOVAL [(DEFENSE COUNSEL)]: Your Honor, I went over the charges with Mr. Flowers. I went over the reports."

¶ 13 The court, Flowers, and defense counsel also discussed Flowers's other *pro se* allegations. Ultimately, the court found that Flowers's arguments were frivolous and without merit, and there was no basis to appoint counsel.

¶ 14 After a sentencing hearing, Flowers was sentenced to 18 years in prison.

¶ 15                                    C. Direct Appeal

¶ 16    On direct appeal, Flowers contended that his sentence was excessive. This court affirmed the circuit court's judgment and corrected certain fines and fees in an order entered on August 29, 2016. *People v. Flowers*, 2016 IL App (1st) 141611-U.

¶ 17                                D. Postconviction Proceedings

¶ 18    On June 12, 2019, Flowers filed a *pro se* postconviction petition. Among the claims he raised was that his trial counsel was ineffective where the van did not belong to Flowers, and counsel did not call the owner of the van to testify that the owner placed the gun in the van because she did not feel safe having it around her kids. Flowers also stated that Hubert, who gave the police the key to unlock the van, should also have been called to testify because he would have exonerated Flowers. Flowers asserted that he tried to raise this issue at the sentencing hearing, but the trial judge did not appoint another attorney to argue the issue, which violated *People v. Krankel*, 102 Ill. 2d 181 (1984). Flowers also cited *People v. Fields*, 2013 IL App (2d) 120945, noting that in that case, the trial court violated the defendant's right to be represented by counsel by converting a *Krankel* hearing into an evidentiary hearing. Further, Flowers's appellate counsel was ineffective because he did not raise and argue the *Krankel* violation on direct appeal. Had appellate counsel done so, the case would have been remanded for further proceedings.

¶ 19    On September 6, 2019, the circuit court issued a written order that summarily dismissed Flowers's *pro se* petition as frivolous and patently without merit. The court stated in part that Flowers's arguments in his *pro se* posttrial motion were legal in nature, conclusory, or manifest matters of strategy. The claims did not warrant an evidentiary hearing, and it was not arguable that his appeal would have been successful if counsel had raised the *Krankel* issue. The court found that Flowers's other postconviction claims were also without merit.

¶ 20    Flowers filed a motion to reconsider and a notice of appeal on the same day. Initially, the circuit court struck the motion to reconsider because the notice of appeal divested the court of jurisdiction. This court later issued an order that dismissed Flowers's appeal and remanded the case to the circuit court for further proceedings on the motion to reconsider.

¶ 21    The circuit court denied Flowers's motion to reconsider on December 15, 2020. Flowers timely appealed.

¶ 22                                    II. ANALYSIS

¶ 23    Flowers contends that his *pro se* postconviction petition sufficiently stated a constitutional claim that his appellate counsel was ineffective for not arguing on direct appeal that the preliminary *Krankel* inquiry was tainted by the State's participation. According to Flowers, two assistant state's attorneys spoke during the preliminary inquiry, at times arguing that defense counsel was not ineffective. Flowers asserts that he was forced to argue against his two defense attorneys and two assistant state's attorneys, without counsel of his own. Flowers argues that if his appellate counsel had raised this issue, there is a reasonable likelihood that the case would have been remanded for further *Krankel* proceedings.

¶ 24    The Act sets out a three-stage process for criminal defendants to assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009); *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 57. The first stage begins when the defendant files a petition in the circuit court where the original proceeding took place. *Hodges*, 234 Ill. 2d at 9. The petition must "clearly set forth the respects in which [the defendant's] constitutional rights were violated." *Wilborn*, 2011 IL App (1st) 092802, ¶ 54 (citing 725 ILCS 5/122-2 (West 2008)). At this point, the threshold for survival is low. *Hodges*, 234 Ill. 2d at 9. The circuit court independently

examines the petition (*Wilborn*, 2011 IL App (1st) 092802 ¶ 57), and must summarily dismiss the petition if it is frivolous or patently without merit (*People v. Allen*, 2015 IL 113135, ¶ 21).

¶ 25    A petition is frivolous or patently without merit if it has no arguable basis in law or fact, in that it is based on an indisputably meritless legal theory or a fanciful factual allegation. *Hodges*, 234 Ill. 2d at 11-12, 16. An indisputably meritless legal theory is one that is completely contradicted by the record, while fanciful factual allegations include those that are fantastic or delusional. *Id*. at 16-17. We review *de novo* the circuit court's summary dismissal of a postconviction petition. *Allen*, 2015 IL 113135, ¶ 19.

¶ 26    Flowers asserts that his appellate counsel was ineffective for not raising a claim on direct appeal related to his *Krankel* inquiry. For a claim of ineffective assistance of appellate counsel, a defendant must show that appellate counsel's failure to raise a particular issue was objectively unreasonable, and the defendant was prejudiced by that failure. *People v. Moore*, 402 Ill. App. 3d 143, 146-47 (2010). The defendant must show that the underlying issue had merit. *Id*. at 147. At the first stage of postconviction proceedings, a petition alleging ineffective assistance may not be summarily dismissed if it is arguable that counsel's performance fell below an objective standard of reasonableness, and it is arguable that the defendant was prejudiced. *People v. Papaleo*, 2016 IL App (1st) 150947, ¶ 21.

¶ 27    Stemming from our supreme court's decision in *Krankel*, when a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel, a procedure is triggered that allows the trial court to decide whether to appoint independent counsel to argue the defendant's *pro se* ineffective assistance claims. *People v. Jackson*, 2020 IL 124112, ¶ 95. The trial court must conduct "some type of inquiry into the underlying factual basis, if any," of the defendant's *pro se* claims. (Internal quotation marks omitted.) *People v. Ayres*, 2017 IL 120071, ¶ 11 (citing *People*

*v. Moore*, 207 Ill. 2d 68, 79 (2004)). "[S]ome interchange" between the trial court and defense counsel about the facts and circumstances of the claims "is permissible and usually necessary" to determine what further action is warranted. *Id*. at 78. There are three ways for the trial court to conduct the preliminary inquiry: (1) the court may ask defense counsel about the defendant's claims and allow counsel to answer questions and explain the surrounding facts and circumstances, (2) the court may have a brief discussion with the defendant about his claims, or (3) the court may base its evaluation on its knowledge of defense counsel's performance at trial and the facial insufficiency of the allegations. *People v. Peters*, 2018 IL App (2d) 150650, ¶ 28.

¶ 28    The preliminary inquiry should be neutral and nonadversarial. *People v. Jolly*, 2014 IL 117142, ¶ 38. To that end, the State should never be allowed to take an adversarial role against a *pro se* defendant at the preliminary inquiry. *People v. Peters*, 2018 IL App (2d) 150650, ¶ 28. "[T]ypically, virtually no opportunity for State participation is offered[.]" *Fields*, 2013 IL App (2d) 120945, ¶ 40. Because a defendant is not appointed new counsel at the preliminary inquiry, the State's participation, if any, should be *de minimis*. *Jolly*, 2014 IL 117142, ¶ 38. If the State's participation is more than *de minimis*, "there is a risk that the preliminary inquiry will be turned into an adversarial proceeding, with both the State and trial counsel opposing the defendant." *Fields*, 2013 IL App (2d) 120945, ¶ 40.

¶ 29    Flowers contends that the State's participation here was well beyond *de minimis*. Flowers points to three instances where the State actively participated: (1) the assistant state's attorney told the court that the vehicle in question was a van and not a car, (2) after defense counsel explained that Flowers did not have standing to challenge the search of the van, the assistant state's attorney stated, "Therefore, the [defense] attorneys could not file a motion," and (3) the assistant state's attorney told the court that Flowers was not charged with sale or delivery of a firearm, but rather

was charged with armed habitual conduct. Flowers argues that the comments backed up defense counsel's arguments and asserted why Flowers was incorrect about the issues in his case.

¶ 30    The State's participation was not improper. While the State may not actively participate, it may "offer concrete and easily verifiable facts." *Id*. Clarifying that the vehicle involved was a van, and noting what Flowers was actually charged with, are facts that are readily found in the record. As for the comment about defense counsel not filing a pretrial motion about the search of the van, the State merely briefly repeated what defense counsel had just asserted. The transcript indicates that other than those three instances, the State did not at all participate in the preliminary inquiry, which covered several other examples of alleged ineffectiveness. The State's participation was *de minimis* and there was no error in how the preliminary inquiry was conducted. But see *id.* ¶ 41 (inquiry was adversarial where the court allowed the defendant to comment on each allegation, and then allowed the State to comment and provide counterarguments to the defendant's claims). The issue would have been meritless on appeal, and so Flowers was not prejudiced by his appellate counsel's failure to raise it.

¶ 31    For completeness, we note that because we have found no error in how the preliminary inquiry was conducted, we will not address the State's argument that any error was harmless. The circuit court properly dismissed Flowers's *pro se* postconviction petition as frivolous and patently without merit.

¶ 32                                III. CONCLUSION

¶ 33    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 34    Affirmed.